## WESTERN & ATLANTIC RAILROAD CO. *v.* ROGERS.

1. In the trial of an action against a railroad company for personal injuries, it is error in the court to charge sections 2322 and 3830 of the Civil Code in immediate connection with each other and without proper explanation. These two sections of the code are separate and distinct, and it is not the purpose of these statutes to qualify one by the other.

2. "Due care according to age and capacity is all the law exacts of a child of tender years. Ordinary care, which is that of every prudent man, is not the standard for a child." Hence it was error to charge the jury, in effect, that if a child had not the capacity to exercise the care of a prudent man, it would not be chargeable with any negligence at all.

3. The failure of a railroad company to inclose its tracks, so as to prevent children and others from trespassing upon the right of way, can not be imputed to the company as negligence. It was, therefore, error for the court to charge the jury that such failure "is evidence to be considered by you, along with all the other evidence, in determining whether or not the defendant has been guilty of negligence in this case."

4. Under the facts of the present case, if there was any negligence in the railroad company's permitting timbers to be placed from its track across a ditch for the purpose of facilitating passage over it, such negligence did

not contribute to the injury of the plaintiff.  It was, therefore, error for the court to charge that, in arriving at a conclusion whether or not the defendant was negligent, the jury could consider the removal of such timbers by the company after the time of the injury.

5. Other than as above indicated, there was no material error in the rulings of which complaint is made.

Argued February 16, — Decided April 13, 1898.

Action for damages.   Before Judge Fite.   Bartow superior court.   January term, 1897.

*Payne & Tye* and *J. M. Neel*, for plaintiff in error.
*John W. Akin*, contra.

SIMMONS, C. J.   1. Rogers, by next friend, sued the Western & Atlantic Railroad Company for damages on account of personal injuries sustained, as he claimed, by reason of the negligence of the servants of the company.   The court, in instructing the jury, charged sections 2322 and 3830 of the Civil Code in immediate connection with each other.   The former of these sections provides that no person shall recover damages for injury to himself when the same is done by his consent or is caused by his own negligence.   The latter provides that "if the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover."   To charge these sections in immediate connection with each other, without any explanation as to their different meanings, has been held error so frequently by this court that we deem it unnecessary to elaborate, in this opinion, the reasons for such ruling.   The ruling made in the case of *Americus, P. & L. R. Co.* v. *Luckie*, 87 *Ga.* 6, has been steadily adhered to by the court, and was followed at this term in the case of *Macon Street R. Co.* v. *Holmes*, 103 *Ga.* 655.

2. At the time Rogers was injured, he was an infant of tender years.   The trial judge, in charging the jury as to care or diligence in a case of this kind, read section 2898 of the Civil Code, which is as follows: "Ordinary diligence is that care which every prudent man takes of his own property of a similar nature.   The absence of such diligence is termed ordinary neglect."   After reading this section, he in effect instructed the jury that if the child had not the capacity to exercise the care

of a prudent man, it would not be chargeable with any negligence at all. We think that the learned judge who tried the case did not intend that his charge upon this point should be so construed by the jury, but a careful reading of it compels us to say that such is the effect of the instruction. He charged, after defining ordinary diligence as above set forth, "Look to the evidence and determine upon the capacity of the plaintiff at the time of the alleged injury. If you find that he had sufficient capacity to exercise ordinary care in a transaction of this sort, then the rule of law which I give you would apply to his case and he would not be entitled to recover anything, if you find that he by the exercise of ordinary care could have avoided the consequences to himself caused by defendant's negligence." The rule of law laid down by the judge was the care of a prudent man. He, in the next sentence, instructed the jury that if the plaintiff had the capacity to exercise ordinary care in a transaction of this sort, then the rule given would apply to the case and the plaintiff could not recover if guilty of negligence. The meaning of this charge clearly is that if the plaintiff did not have the capacity to exercise the care of a prudent adult, he was not chargeable with any negligence at all. The jury might conclude from his infancy that he had not the capacity to exercise the care of a prudent man, and that he was, therefore, under the instructions given, not chargeable with any diligence whatever in taking care of himself. The rule which should have been given to guide the jury is the one laid down in the case of *Western & A. R. Co.* v. *Young,* 81 *Ga.* 397, s. c. 83 *Ga.* 512; now embodied in section 2901 of the Civil Code, that "Due care in a child of tender years is such care as its capacity, mental and physical, fits it for exercising in the actual circumstances of the occasion and situation under investigation." A child may not have the capacity to exercise the care of a prudent man, and may yet have sufficient capacity to fit it for the exercise of some care under the actual circumstances of the case. We think we have put the proper construction upon the charge of the trial judge, whether he so intended it or not; but if we have not, it may be said with confidence that the charge was at least misleading.

3. The plaintiff was injured in the city of Cartersville, upon the railroad-track of the defendant. This track was not inclosed at the point where plaintiff was injured. In charging upon this subject, the judge informed the jury that the law did not require the railroad company to inclose its tracks, but that a failure to so inclose them "is evidence to be considered by you, along with all the other evidence, in determining whether or not the defendant has been guilty of negligence in this case." There is no statute of this State requiring the company to inclose its tracks nor any provision of the common law making it its duty to do so, and the charge of the court was so far correct. The remainder we think erroneous. Where there is no duty upon a person or corporation to do an act, there can be no negligence in a failure to do it. No duty being imposed upon the company to inclose its tracks, an omission to so inclose them is not a breach of duty to the plaintiff or to any one else.

4. It appears that two cross-ties had been, prior to the time of the injury to plaintiff, placed across a ditch which ran alongside of the railroad-track, for the purpose of facilitating the passage of pedestrians over the ditch to the track; and that these timbers were in this position at the time of the injury. Whether they were placed there by the servants of the company seems to be in doubt, but it is shown that the servants of the company knew of their presence and that they were used as a footway. Plaintiff and others frequently used them in crossing the ditch. After the injury to plaintiff, the cross-ties were removed by the company. The evidence does not tend to show that the presence of the timbers contributed to the injury sustained by plaintiff. Under these facts, the court charged the jury that they might consider the removal of the ties by the company in arriving at a conclusion as to whether the company was negligent in the present case. This court has decided in several cases, that where injury was inflicted by means of a defect in the track or machinery of a railroad company and such defect was subsequently removed or repaired by the company, this fact could be considered as in the nature of an admission of negligence by the company. I have always regarded this as a harsh rule; for it may frequently happen that the servants

of the corporation may not know of the defect until after it has injured some one. It seems to me to be unjust to charge a person or a corporation with negligence because the defect by means of which the injury was inflicted has been repaired. Be this as it may, we think that, under the facts of this case, it was error for the court to instruct the jury that they might consider the removal of the cross-ties after the injury, in coming to a conclusion as to whether the company was negligent. As before remarked, there is nothing in the record tending to show that the placing of the cross-ties across the ditch had anything whatever to do with plaintiff's injury. If the servants of the company had placed them there it might have been a quasi-invitation to persons to cross thereon, and if the child had been injured in so crossing, then, under the rulings above mentioned, the jury might have considered a subsequent removal of the timbers by the company. Where the timbers did not contribute to the injury, we can not see the justness of allowing the jury to consider the fact of their removal and determine therefrom that the company was negligent in injuring plaintiff. The jury might just as well have considered the removal of a bridge across the railroad-track at some other point on the line. While this error of the court may be considered a slight one which might not work a reversal in a case where the evidence clearly showed that plaintiff was entitled to recover, yet, in a case like the present, where it is very doubtful under the evidence whether the plaintiff should recover, we think the plaintiff in error ought to have a new trial on this ground.

5. There were other questions made in the record, but no material error was committed other than as above indicated.

*Judgment reversed. All concurring, except Cobb, J., absent.*