Northwestern El. R. R. Co. v. O'Malley.

---

107    599
114    ²234

# Northwestern El. R. R. Co. v. James O'Malley, by Next Friend.

1. TRESPASSERS—*Duty of Owner of Private Grounds Toward.*—The owner of private grounds is under no obligation to keep them in safe condition for the benefit of trespassers, idlers, bare licensees or others who come upon them not by invitation, either express or implied.

2. SAME—*Exceptions to the Rule.*—The rule that the owner of private grounds is under no obligations to keep them in a safe condition for the benefit of trespassers or licensees is subject to some qualifications. One exception is where the owner permits dangerous obstructions to be on

his land so near a highway that combined with the ordinary incidents of travel, they result in injury to the persons or animals passing along the highway. Another exception to the rule is where the owner has set spring guns upon his own ground for the defense of his own property. A third exception is where the owners of grounds are held liable for injuries resulting to children, although trespassers at the time, where from the peculiar nature and exposed position of the dangerous defect or agent, the owner should reasonably have anticipated such injury as actually happened.

2. SAME—*What is Meant by an Invitation to Enter Premises.*—An invitation exists where some benefit accrues or is supposed to accrue to the one who extends the invitation.

4. SAME—*Child Not a Trespasser When He is Induced to Come Into Place of Danger by the Owner's Own Conduct,*—A child can not be regarded as a voluntary trespasser, because he is induced to come into the place of danger by the owner's own conduct. What an express invitation would be to an adult, the temptation of an attractive plaything is to a child of tender years.

5. RAILROADS—*No Duty to Keep Lookout for Trespassing Children.*—A railroad company is under no obligation to keep a lookout for trespassing children upon its tracks and property, or warn them in case they should be exposed to danger, or take any other special precaution in anticipation of danger, unless they should be discovered in a dangerous position.

6. EVIDENCE—*Of the Entire Situation Where the Injury Occurred, Admissible.*—Evidence tending to show that boys at other times went under an elevated railroad structure where the plaintiff was injured, to pick up chips as he had, is admissible as tending to show what notice the workman had of the presence of the boys and the extent of the care required of the workmen to guard against wantonly inflicting injury upon them. Evidence relating to all the entire situation properly regulated by instructions of law was admissible.

7. WORDS AND PHRASES—*Who is a Licensee.*—A licensee is a person who is neither a passenger, servant or trespasser, and not standing in any contractual relations to the railroad and is permitted by the company to come upon its premises for his own interests or gratification.

**Trespass upon the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge presiding. Heard in the Branch Appellate Court at the March term, 1902. Reversed and remanded. Opinion filed April 28, 1903.

**Statement.**—Appellee, a minor, eight years of age, sued to recover damages for personal injury sustained by him while on appellant's private railroad right of way, by being struck with a piece of iron which fell from its elevated railroad, then in process of construction. The case was

Northwestern El. R. R. Co. v. O'Malley.

tried by a jury and a verdict of $5,000 was rendered, upon which judgment was entered.

CLARENCE A. KNIGHT and WILLIAM G. ADAMS, attorneys for appellant.

In order to constitute an invitation there must be some benefit accruing or supposed to accrue to the one who extends the invitation. It can arise only out of a contractual relation. Madden v. C. & O. R. R., 28 W. Va. 610.

This principle is recognized by our Supreme Court. I. C. R. R. Co. v. O'Connor, 189 Ill. 559.

A person owes no duty to those who come upon his premises by license merely and for their own convenience, or who are trespassers, to keep his premises in such condition as they shall not be injured. U. S. Y. & T. Co. v. Rourke, 10 Ill. App. 474; Gibson v. Sziepienski, 37 Ill. App. 601; Murray v. McLean, 57 Ill. 378; Sweeny v. O. C. R. R., Co. 10 Allen, 368; Hargreaves v. Deacon, 25 Mich. 1.

The mere fact that the public were accustomed to pass under the structure, and that boys were permitted to play thereunder without any protest on the part of appellant or its servants is no evidence of an invitation. I. C. R. R. Co. v. Godfrey, 71 Ill. 500; I. C. R. R. Co. v. Hetherington, 83 Ill. 510; Blanchard v. L. S. & M. S. Ry. Co., 126 Ill. 416; Wabash R. R. Co. v. Jones, 163 Ill. 167; I. C. R. R. Co. v. O'Connor, 189 Ill. 559.

A railroad company is under no obligation to construct fences in order to keep children from trespassing upon its property. Nolan v. N. Y., etc., R. R. Co., 53 Conn. 461; Western R. R. Co. v. Rogers, 104 Ga. 224.

It is under no duty of keeping a lookout to discover their presence or to warn them in case they should be exposed to danger, or take any other special precaution in anticipation of danger, unless they should be discovered in a dangerous position. Chicago, etc., R. R. Co. v. Roath, 35 Ill. App. 349; L. S. & M. S. Ry. Co. v. Clark, 41 Ill. App. 343; U. S. Y. & T. Co. v. Butler, 92 Ill. App. 166.

GEMMILL & FOELL, attorneys for appellee.

"It is a universal rule that if a railroad company by its servants invites or directs a person to go upon or across its right of way, such person has a right to presume that the company's agents know what the company's conduct would be while he was crossing such right of way, and such person is not a trespasser and is not guilty of contributory negligence while acting upon said invitation." Citing also, Chicago R. R. Co. v. Prescott, 59 Fed. Rep. 237; Pennsylvania Co. v. Stegemeier, 118 Ind. 305; Peck v. Michigan Central R. R. Co., 57 Mich. 3; Philadelphia R. R. Co. v. Killips, 88 Pa. St. 405.

MR. JUSTICE BURKE delivered the opinion of the court.

A reversal of the judgment in this case is sought upon the ground, among others, that the court erred in refusing to instruct the jury to return a verdict for the appellant.

Appellee, eight years of age, was at the time of the injury with other boys under appellant's railroad structure then in course of construction, situated upon its private right of way, and upon which structure some workmen were engaged in laying either rails or ties. While on said right of way, the boy was injured by being struck with a piece of iron which fell from the structure.

There is some conflict in the evidence as to whether the boy was playing under the structure or picking up chips which had fallen therefrom. One of the boys, John Hughes, testified:

"We would go under the elevated road gathering chips and the men would let us go under there. They would chop chips for about fifteen minutes and then let them all fall to the ground; then they would let us go under. They would holler, 'all right,' and we would go under and they would say, 'hurry up now.' At this time we were going under and they said all right and we all went under, three of us went to gathering the chips at the time, when somebody hollered, 'hey!' I looked up, and just as I looked up, I saw something falling through the air. It struck James on the head and he fell down."

On the other hand the record contains a great preponderance of evidence to the effect that no chips were made or thrown down from the structure on the day of the accident. The men on the structure were at the time of the

accident putting down the trolley rail, and it appears that while two of the men were carrying a rail upon the structure, by some miscalculation an iron support to receive the trolley rail was knocked from its place and fell and struck the boy.

The right of way adjoined and was parallel to an alley and was without fence or obstruction to prevent persons from passing on and over it. It further appears that children would frequently play in the alley and at the same time upon the right of way. There is much evidence tending to show that appellee was at the time of the injury playing with other boys under appellant's elevated railroad structure on its private right of way.

Under the evidence in this case the first inquiry is to ascertain what duty was owing from appellant to the boy while he was thus under the structure on its private right of way. After an exhaustive review of the authorities, this court has held in U. S. Y. & T. Co. v. Rourke, 10 Ill. App. 474:

"It is a general rule of law that the owner of private grounds is under no obligation to keep them in safe condition for the benefit of trespassers, idlers, bare licensees, or others who come upon them not by invitation, either express or implied, but for their own convenience or pleasure, or to gratify their curiosity, however innocent or laudible their purpose may be."

And therein the following language from Sweeny v. O. C. & N. R. R. Co., 10 Allen, 368, is quoted with approval:

"The owner of land is not bound to protect or provide safeguards for wrong doers. A licensee who enters upon premises by permission and without any enticement, allurment or inducement being held out to him by the owner or occupant, can not recover damages for injuries caused by obstructions or windfalls. He goes there at his own risk, and enjoys the license subject to its concomitant perils. No duty is imposed by law on the owner or occupant to keep his premises in a suitable condition for those who come there solely for their own convenience or pleasure, and who are not expressly invited to enter or induced to come upon them by the purpose for which the premises are appropriated and occupied; or by

some preparation or adoption of the place for the use of customers or passengers which might naturally and reasonably lead them to suppose that they might properly and safely enter thereon."

To the same effect is Hargreaves v. Deacon, 25 Mich. 1. This rule is subject to some qualifications. One exception is where the owner permits dangerous obstructions to be on his land so near a highway that, combined with the ordinary incidents of travel, they result in injury to the persons or animals passing along the highway. An illustration of this exception is where the excavation was fourteen inches from the line of the highway. It was held, however, that the exception was not applicable where the excavation was twenty-five feet from the line of the highway. Another exception to the rule is where the owner has set spring guns upon his own ground for the defense of his own property. In such cases he would doubtless be liable to trespassers who, without notice of such contrivances, enter upon such grounds and are injured.

And a class of cases constituting a third exception to the foregoing rule is where the owners of grounds are held liable for injuries resulting to children, although trespassing at the time where, from the peculiar nature and exposed position of the dangerous defect or agent, the owner should reasonably anticipate such injury as actually happened. The "turn-table cases" are illustrations of this class. Whether a particular case falls under this class is held to be a question for the jury.

The distinguishing principle upon which all these cases rest is, that the persons injured were mere children without judgment or discretion and likely to be drawn by childish curiosity into places of danger. To apply the law to the case at bar, we must determine whether the boy appellee was upon appellant's right of way as a trespasser or by invitation, either expressed or implied, or was a bare licensee, and what duty, if any, the company owed him. An invitation exists where some benefit accrues or is supposed to accrue to the one who extends the invitation. It will not be claimed in this case that any benefit to the defendant

company was sought or expected. The boy was not on the right of way as a customer or passenger of appellant. He was not there to transact business with appellant, nor was the right of way held out as the place for the transaction of business with the public.

Appellee must then have been a trespasser or bare licensee. An individual may go upon the premises of another for the purpose of pleasure or pastime and be either a trespasser or a bare licensee. A licensee is a person who is neither a passenger, servant or trespasser, and not standing in any contractual relations to the railroad and is permitted by the company to come upon its premises for his own interests, convenience or gratification. If the appellee was on the right of way of the railroad merely by permission or a bare license, the only duty owed to the appellee, if he had been an adult, under the facts in this case, would be that it should not inflict upon him a willful injury.

Under the evidence in this case there would be no liability if appellee were an adult. Does the doctrine of the "turn-table" cases make the company liable? The principle of those cases is, that the child can not be regarded as a voluntary trespasser, because he is induced to come into the place of danger by the defendant's own conduct.

"What an express invitation would be to an adult, the temptation of an attractive plaything is to a child of tender years." Keefe v. M. & S. St. Paul Ry. Co., 21 Minn. 207; U. S. Y. & T. Co. v. Rourke, *supra.*

Does the record disclose such a condition of affairs brought about by the company at the place of the accident, as was likely to tempt children and as would impose the duty upon it to guard them from danger?

In Pekin v. McMahon, 154 Ill. 141, it is said:

" Unguarded premises, which are supplied with dangerous attractions, are regarded as holding out implied invitations to children, for they, being without judgment and likely to be drawn by childish curiosity into places of danger, are not to be classed with trespassers, idlers and mere licensees. In such case the owner should reasonably anticipate the injury which has happened."

The doctrine of the " turn-table cases " is sustained by other cases where the injuries complained of were caused by agencies of a different character.

The courts of some of the states expressly repudiate the doctrine of these cases, and there seems to be no tendency to extend their application. In the case at bar the appellee was not attracted upon the right of way of the company and to the place of danger by the structure, or by any work that the company there was carrying on. It does not appear from the weight of the evidence what the boy was doing, or that the men working upon the structure had knowledge that he was on the right of way. In fact there appears to have been nothing connected with the structure to attract the boy or excite his curiosity. If this position be correct, the doctrine of the " turn-table cases " can have no application to the facts of this case. From the record it is evident that even when the men were making chips, appellee and the other boys did not venture to come under the structure until they had the express permission of the workmen; so that it can not consistently with the evidence be claimed that the boy at the time of the accident was invited, directly or indirectly, to come upon the company's right of way beneath the elevated road. The record is likewise entirely without evidence to show that the boy was ever attracted by curiosity or childish impulse to approach the elevated road. We are, therefore, of the opinion that the exception, made in case of children, can not be invoked in this case to hold the company liable. Referring, therefore, to the rule hereinbefore announced, we hold that the case at bar is not an exception thereto, and; therefore, from the weight of the evidence and the law applicable to the case, it is our opinion that the judgment should not stand.

It is, however, urged that even if the boy was a trespasser, the defendant owed to him the exercise of ordinary care. Whatever may be the fact, the record does not show that his presence was known to the men, or that it could have been known by them, in the exercise of ordinary care.

We think that it is a humane doctrine, and in accord with the spirit of the exception in favor of children, that ordinary care should be exercised in favor of children. The discharge of this duty does not, however, require a railroad company to enclose its tracks, even when upon the ground.

In Western R. R. Co. v. Rogers, 104 Ga. 224, it is said :

"No duty being imposed upon the company to enclose its tracks, an omission to so enclose them is not a breach of duty to the plaintiff. Neither is the railroad company under any obligation to keep a lookout for trespassing children upon its tracks and property, or warn them in case they should be exposed to danger, or take any other special precaution in anticipation of danger, unless they should be discovered in a dangerous position." To the same effect is U. S. Y. & T. Co. v. Butler, 92 Ill. App. 166.

It appears from the weight of the evidence that the falling of the iron which struck the boy was the result of mere accident; that the structure was being constructed with reasonable care; that at the time of the accident nothing was being done by the company to attract appellee, and that his presence beneath the structure is not shown to have been known to the men at work thereon; that no invitation was given to him to come upon the premises of the company, and that the company had not placed, or allowed to be placed, in their right of way anything in its nature attractive to children.

Objection was made by appellant to evidence tending to show that boys at other times went under the structure to pick up chips. This evidence was admissible as tending to show what notice the workmen had of the presence of the boys and the extent of the care required of the workmen to guard against wantonly inflicting injury upon them. Evidence relating to all the entire situation properly regulated by instructions of law was admissible.

Objection has been made to the refusal by the court to give the jury the eighth, ninth, tenth, twelfth, thirteenth and fourteenth instructions requested by appellant.

In the view we take of the evidence in this case, these instructions, so far as they correctly state the law, are not

applicable to the facts of the case.   There can be no recovery because of any invitation given (if any was given) by any of the workmen, not growing strictly out of the discharge of their duties.

As this case must be remanded, we will refrain from further discussion of the evidence.   The judgment of the Superior Court is reversed and the case remanded.