## John G. McDermott, Appellant, v. Frank Burke, Appellee.

### Gen. No. 16,929.

1. INSTRUCTIONS—*what question presented by motion for peremptory.* The question presented to the court by motion at the close of the evidence for a peremptory instruction, regardless of whether such an

instruction has been refused at the close of the plaintiff's evidence is, whether there is any evidence in the case either offered by plaintiff or defendant which, with all the legitimate and natural inferences to be drawn therefrom, is sufficient to sustain a verdict for the plaintiff.

2. NEGLIGENCE—*doctrine of turntable cases.* An essential element of the turntable or allurement rule is that a child of tender years cannot be regarded as a trespasser on the premises of the defendant, because he was attracted to its premises by the dangerous thing that caused the injury.

3. NEGLIGENCE—*when doctrine of allurement does not apply.* If the child is attracted to the premises because of an object which was not dangerous, the doctrine of allurement does not apply, even though his injury result from dangerous machinery located upon such premises.

Appeal from the Circuit Court of Cook county; the HON. EDWARD M. MANGAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed May 21, 1912.

JOHN P. AHRENS, for appellant.

FRANK M. COX and R. J. FELLINGHAM, for appellee.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

On the trial of this action in the Circuit Court, at the close of the plaintiff's evidence, the defendant, appellee, made a written motion to direct a verdict. This motion the court denied. At the close of all the evidence, the defendant renewed the motion to direct the jury to find a verdict for the defendant, and the court granted the motion, the verdict was returned accordingly and judgment was entered thereon against the plaintiff, appellant.

The amended declaration contains one count, and alleges that on September 9, 1908, and prior thereto, the defendant was a contractor and builder in Chicago, and as such contractor and builder was possessed of and in possession and control of a building or structure then in course of construction by him as such contractor and builder, on Albany avenue, between Jackson boulevard and West Van Buren street, in Chi-

cago; that the building in the course of construction was about 16 feet north of a building then used as a school-house, located on the northwest corner of Albany avenue and West Van Buren street; that in constructing the new building the defendant had on the first floor a cable running on or over a sheave, or grooved wheel, operated by horsepower, and used and operated in hoisting material and other things from one floor to another of the building; and on the date aforesaid and prior thereto had a pile of sand on the first floor of the new building near the cable and sheave; that on the day and year above mentioned the plaintiff was an infant of eight years of age and had been attending the school in question for about two years prior thereto; that plaintiff was attracted by said pile of sand and was permitted by the defendant to play at and around it in said new building, and at and near and around the cable and sheave, without any hindrance by the defendant, and without warning to the pupils of the school of any danger or injury to them from coming in contact with the cable and sheave; that the cable and sheave were of such a character as to be an attraction to the plaintiff, or to any child of the tender age of plaintiff, and when in operation the cable and sheave were highly dangerous to plaintiff and other children playing near or around the same; that the plaintiff entered the said building, which was unguarded and suffered negligently to remain open, and unbarricaded, without guard or shield, and no guard and shield was maintained around the said cable and sheave by the defendant, who knowingly and carelessly and negligently omitted to have any person or persons around or in said building to forbid plaintiff and other pupils of the school from entering the building or warn them of the danger of said cable and sheave; that at the noon recess of said school shortly before twelve o'clock on September 9, 1908, the plaintiff entered said doorway or opening of the said new

building and placed his left hand on said cable when it was not in operation, and while his hand was on said cable the cable and sheave were suddenly and without warning to the plaintiff started; and before the plaintiff could remove his hand from the cable, his left hand and fingers were caught between the cable and sheave and two of his fingers were injured.

The main question presented by the record is whether the trial court erred in instructing the jury to find for the defendant, and in entering judgment upon the verdict.

The evidence for the plaintiff tended to show that the sand pile in question which attracted the plaintiff and other children into the building was situated from fifteen to thirty feet from the place where the plaintiff was injured by the cable and sheave. The building was located about fifteen feet back from the street line, and the sand pile was approximately opposite the center door of the building, some twenty-five or thirty feet from the door. The children attending the school including the plaintiff were accustomed to enter the building and play upon the sand pile. On the day in question the plaintiff, with another lad of about his age, entered the building at the noon recess of the school and played upon the sand pile. After playing there awhile, the plaintiff observed the cable and sheave, and leaving the sand pile went over to the cable and sheave and put his hand upon the cable while it was not in motion. The cable was suddenly started, and his fingers were drawn in between the cable and sheave and crushed.

The evidence for the plaintiff showed that the defendant was a contractor engaged in the furnishing and supplying the material required for the masonry and brickwork in the construction of the building. His contract provided that divers other persons would be engaged in doing various kinds of work upon and in the construction of the building, and he agreed to so

prosecute the work so as not to delay or hinder the doing of any work upon or about the building by any other person or persons.

The evidence tended to show also that other work was in progress in the building; that the materials therefor were piled on the street in front of the building or in the parkway or space between the street and the building, and that planks were so placed as to enable the material being used to be either wheeled in wheel barrows, or carried through the center door of the building and into the basement or lower floor of the building where the sand pile and sheave and cable were located; and that at the time of the plaintiff's injury, workmen were in the premises and were at work bringing in materials and carrying on the necessary work of construction.

The evidence for the defendant, in many respects, corroborated the evidence for the plaintiff, and, in some immaterial respects, contradicted it. There was a difference or controversy as to the distance between the sand pile and cable and sheave. The evidence for the defendant showed that the defendant had given orders to his workmen to drive the children out of the building and prevent their playing on the sand pile, and that they were at times ordered out of the building by the workmen. Aside from these matters, there was no particular difference or controversy between the evidence of the plaintiff and the evidence introduced in behalf of defendant.

The contention of the plaintiff, appellant here, is that the declaration and proof brings the case clearly within the doctrine laid down in the turntable cases and that the court should have submitted the case to the jury. It is urged by appellant that the court having overruled the motion to direct the jury, made at the close of the plaintiff's evidence, must have necessarily weighed the evidence in sustaining the motion at the close of all the evidence, and cites the case of

Libby, McNeill & Libby v. Cook, 222 Ill. 206. In that case, the court very clearly holds that there is but one rule to be applied to motions to instruct the jury, whether they are made at the close of the plaintiff's evidence or at the close of all the evidence, and the rule is there repeated that in either case if there is no evidence or but a scintilla of evidence, tending to prove the material averments of the declaration, the jury should be directed to return a verdict for the defendant, but if there is in the record any evidence from which if it stood alone the jury could, without acting unreasonably in the eye of the law, find that all the material averments of the declaration have been proven, then the case should be submitted to the jury. The question then presented to the court by the motion at the close of the evidence was, whether there was any evidence in the case either offered by plaintiff or defendant, with all the legitimate and natural inferences to be drawn therefrom, which was sufficient to sustain a verdict for the plaintiff.

There is in our opinion no basis for the contention that the plaintiff had made out a *prima facie* case, or that a *prima facie* case was made out by the evidence in the case at the close of all the evidence, showing a breach of any duty cast upon the defendant by the law, unless it be based upon the doctrine of the cases known as the turntable or allurement cases.

The principal case cited by appellant on this point is the case of the City of Pekin v. McMahon, 154 Ill. 141. The court in its opinion in that case, at page 149, says:

"In many, if not all of the foregoing turntable cases, stress is laid upon the facts that the turntable was in a public or open and frequented place, that it was dangerous and left unfastened, and when in motion was attractive to children by reason of their love of motion by other means than their own locomotion, and that the servants of the railway companies knew, or had

reason to believe, that it was attractive to children, and that children were in the habit of playing on or about it. The doctrine of the cases is that the child cannot be regarded as a voluntary trespasser, because he is induced to go upon the turntable by the defendant's own conduct.''

The above, we think is a comprehensive statement of the doctrine, and we are aware of no cases extending the rule as announced in the above case. There is no disposition or tendency, so far as we have been able to study the turntable and other cases, where the injuries complained of were caused by agencies of a different character, to extend the doctrine of the turntable or allurement cases.

In some of the states the doctrine of the turntable cases seems to have been repudiated. Northwestern El. R. R. Co. v. O'Malley, 107 Ill. App. 599.

In our opinion a consideration of the evidence in this case demonstrates that the proof in this record is not broad enough to bring the case within the turntable or allurement rule. An essential element of the doctrine is that the child of tender years cannot be regarded as a trespasser on the premises of the defendant, because he was attracted to its premises by the dangerous thing that caused the injury. In the case at bar, the evidence does not show that appellant was attracted onto the premises by reason of the presence of the sheave and cable; on the other hand, the evidence is clear that the attraction to the appellant and other children which induced them to enter upon the premises was the sand pile on which they played. This sand pile was not dangerous; and appellant, according to the evidence, was not injured by any machinery at the sand pile. There is no evidence in the record that the presence of the sheave and cable was the attraction which brought the appellant or the other children of the school into the building. They could not move or play with the cable and sheave. It

was clearly the sand pile. This did not cause the injury complained of.

We think, therefore, under the application of the law in Seymour v. Union Stockyards and Transit Co., 224 Ill. 579, the evidence fails to show that the appellant was attracted into the premises by the dangerous sheave and cable which injured him. In the Seymour case, large quantities of clay had been brought to the place where the accident happened, on flat cars, and unloaded and left on the north side of the defendant's railroad tracks. The clay formed an uneven and a continuous bank along the tracks from Wallace street to Halsted street. Large numbers of children had been accustomed to play on the vacant lots near by, and when the clay was left along the tracks, they were accustomed to play upon the clay bank, moulding clay with their hands, and making it into pies or marbles and the like, and baking it on fire. The plaintiff Seymour was on this clay bank playing when a train filled with cattle and hogs passed. He abandoned his play and undertook to throw clay at the passing train and to punch the cattle and hogs with a stick. In doing so he slipped down the side of the slope of the clay to and upon the track and under the wheels of a passing car and was seriously injured. This court held that there could be no recovery, and the holding was affirmed by the Supreme Court. We think the case is in all respects similar to the case at bar, and that the same rule must be applied to the case as was applied in the Seymour case.

We do not think therefore that the doctrine of the turntable or the allurement cases applies in this case.

We do not think the evidence proves any negligence on the part of the defendant appellee in conducting the work which he was engaged upon at the time appellant was injured. The evidence on both sides of the case shows clearly that it was impracticable to barricade or close the doors of the building, and still con-

tinue the work of conveying into the building the materials necessary. Nor can we see that it was practicable to barricade the cable and sheave in such manner as to prevent the plaintiff from coming in contact with it while material was being elevated to the upper stories of the building by means of the elevator run by the cable and sheave. We do not think it was the duty of the defendant to provide a watchman who should stand at the cable and sheave to prevent or keep children from coming in contact with it. Emerson v. Peteler, 35 Minn. 481; Union Stock Yards & Transit Co. v. Butler, 92 Ill. App. 166; C. B. & Q. R. R. Co. v. Stumps, 55 Ill. 367.

Appellant also urges error in the refusal of the trial court to permit appellant to show that there was no playground for the school children except on the streets and sidewalks around the schoolhouse and new buildings, by refusing to permit appellant to show the surroundings of Albany street and Van Buren street. We do not think the court erred in excluding the evidence sought to be introduced. It was immaterial to the issues in this case. The substance of it had already appeared in the evidence offered by the plaintiff.

We find no error in the record, and the judgment is therefore affirmed.

*Affirmed.*