27843.   ALLYN & BACON BOOK PUBLISHING COMPANY
*et al. v.* NICHOLSON.

Decided February 15, 1940.

*Silas Williams, D. W. Mitchell,* for plaintiff in error.
*W. E. & W. G. Mann, R. Carter Pittman,* contra.

Felton, J.   1.   This is the second appearance of this case here.
In *Allyn & Bacon Book Publishers* v. *Nicholson,* 58 *Ga. App.* 729
(199 S. E. 771), this court held: "Where the driver of a school
bus which is engaged in transporting children from school, negli-
gently, and in violation of law (Code, § 68-311), brings the bus to
a stop on the left side of the road for the purpose of permitting
the discharge of school children, and one of the children, after dis-
embarking from the bus, is proceeding across the road to his home,
is run into and injured by an automobile coming from the opposite
direction at a rapid and dangerous rate of speed on its driver's left
side of the road, and while passing the school bus without stop-
ping, in violation of law (Code, § 68-310), the negligence of the
driver of the school bus, in so far as it may be a proximate cause

of the injury to the child, is not necessarily and as a matter of law the sole proximate cause of such injury, but the alleged negligence of the driver of the automobile which runs into the child may, notwithstanding the negligence of the driver of the school bus, be a proximate cause of the injury." This became the law of the case. It then became a question for the jury to determine the proximate cause of the injury. The jury found that the negligence of the driver of the school bus was not the sole proximate cause of the injury, and that the injury did occur with the concurring negligence of the driver of the automobile. The plaintiff having proved his case as alleged, is entitled to recover from those whose concurring negligence contributed to the injury.

2. Error is assigned on the excessiveness of the verdict for $2000. This assignment is without merit. An examination of the record in *Yellow Cab Co.* v. *Nelson,* 35 *Ga. App.* 694 (134 S. E. 822), discloses that the facts in that case, in so far as the age of the child and the injuries complained of are concerned, are almost identical with the case sub judice. The court in that case said about a verdict for $3000: "The verdict was not so large as to force the conclusion that it was induced by prejudice, bias, or mistake on the part of the jury." As was said by Judge Russell in *City of Rome* v. *Davis,* 9 *Ga. App.* 62 (70 S. E. 594): "The existence of prejudice or bias can not rest upon suspicion. That the verdict was the result of prejudice and bias must be shown; and even if individually we thought the verdict was large, we find nothing in the record to indicate that the jury were influenced by prejudice or bias. The law fixes no measure for pain and suffering except the enlightened conscience of impartial jurors, and perhaps the force of the complaint that the verdict is too large would be weakened if any one of us could substitute ourselves for the plaintiff in any particular case, and were forced ourselves to endure the suffering that the plaintiff endured. In any event, in the absence of plain proof that the verdict was the result of prejudice or bias, this court will not interfere." In the absence of any showing that the verdict in the instant case was the result of bias, prejudice, or mistake on the part of the jury, this court will not hold as a matter of law that the verdict was excessive. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*