34045.   DAVIDSON *v*. HORNE, by next friend, *et al.*

Decided May 29, 1952.

224

*David E. Morgan Jr., Harris, Russell, Weaver & Watkins, John D. Comer,* for plaintiff in error.

*Jule & A. C. Felton III, Wm. T. Roberts, McDonald & McDonald,* contra.

GARDNER, P. J.   The court did not err in overruling the general demurrer.   We have set forth the petition and the demurrers, and are confident that the petition set forth a cause of action against both the defendant Davidson and the defendant Bush under the principle of concurrent negligence. The petition alleges that the defendant Davidson violated the statute applying to a school-bus operator in two respects, and in doing so alleges negligence per se: first, in not stopping the bus as far to the right of the highway as practicable; and second, in not parking his bus at least 8 feet from the center of the highway.   Aside from the acts of negligence per se, there are acts of negligence alleged against Davidson other than acts of negligence

in violation of the statute. As will be observed by the acts of negligence alleged against the defendant Bush, it is alleged that he was guilty of negligence per se in more than one instance or respect, as will be noted by the petition hereinabove quoted. We may state here that the provisions of the statute (Code, § 68-310 et seq.) as applied to the operation of a school bus by the driver thereof, and as applied to other motorists, are not exclusive of the acts of negligence to which they are subjected, but are cumulative with reference to other laws governing the rules of the road and common-law negligence. It is well to keep this in mind.

A school-bus operator is required to exercise extraordinary care in transporting school children to and from school. The main contention of the defendant Davidson is that the allegations of the petition show that the negligence of the defendant Bush was the sole proximate cause of the injuries, in that Bush violated the law in approaching the school bus, which was clearly marked as such, without stopping as the law required. In this connection, it must be kept in mind that the petition alleges also that the defendant Davidson was guilty of negligence per se in the manner alleged. So we reach the point where the petition alleged negligence per se against both the defendant Davidson and the defendant Bush. Let us then inquire whether, under the alleged facts and circumstances surrounding the transaction, the petition showed as a matter of law that the negligence of the defendant Bush was the sole proximate cause of the injuries alleged, or whether on the trial of the case a jury would be authorized to find that the concurrent negligence of both the defendant Davidson and the defendant Bush was the proximate cause of the injuries under all the facts and circumstances of the case as the proof may show.

Counsel for the defendant Davidson calls our attention to the fact that the provisions of the statute which apply particularly to school-bus operators are mandatory, as well as to citizens who operate motor vehicles when approaching school buses. Our attention is called to the case of Fisher v. J. H. Sheridan Co., 182 S. C. 316 (189 S. E. 356, 108 A. L. R. 981). He calls our attention to the fact that our statute carries the same mandate. Counsel for the defendant Davidson further states that, as far

as he has been able to find, there are no cases from our Georgia appellate courts with allegations of facts identical with those in the instant case. He does call our attention to two cases of our appellate courts which he claims are similar. These are *Greeson* v. *Davis*, 62 *Ga. App.* 667 (9 S. E. 2d, 690), and *Jordan* v. *Wiggins*, 66 *Ga. App.* 534 (18 S. E. 2d, 512). A close reading of the facts in those two cases distinguishes them from the facts alleged in the case now under consideration. In the first of the two cases mentioned, the child was 14 years old, very bright and capable of exercising diligence for her own safety, and the court discussed from the evidence the age and intelligence of the child, and this seems to have been the turning point of that case. It was not there alleged that the operator of the bus was negligent per se.

In the *Jordan* case it was shown that the girl was 14 years of age. That case was reversed since the child was of an age to recognize danger, and the duty of the bus driver was discharged when the child was deposited in a safe place. The child in the instant case is alleged to be only 9 years of age, and there is no presumption that he would apprehend danger and exercise ordinary care for his own safety. Our Code deals with this situation in § 105-204, as follows: "Due care in a child of tender years is such care as its capacity, mental and physical, fits it for exercising in the actual circumstances of the occasion and situation under investigation." This section was codified from the decision in *Western & Atlantic R. Co.* v. *Young*, 81 *Ga.* 397 (7 S. E. 912), which counsel cites. It is the duty of a school-bus driver to deposit a passenger in a place of safety and, in the case of an infant, whether or not a place of deposit is a place of safety cannot be determined solely by whether or not one would be safe if he remained on that spot. Counsel for the defendant Davidson then discusses the case of *Gazaway* v. *Nicholson*, 61 *Ga. App.* 3 (5 S. E. 2d, 391), which was affirmed on certiorari in 190 *Ga.* 345 (9 S. E. 2d, 154). A companion case to the *Gazaway* case will be found reported as follows, *Allyn & Bacon Book Publishing Co.* v. *Nicholson*, 58 *Ga. App.* 729 (199 S. E. 771). A second appearance of the same case is reported in 61 *Ga. App.* 672 (7 S. E. 2d, 316).

It is admitted that the allegations of fact in the instant case

are patterned after the proven facts in the *Gazaway* case; but counsel for the defendant Davidson seeks to distinguish that case as having no application here mainly for the reason that the driver of the bus in the *Gazaway* case crossed over the highway and deposited the child at a filling station, and for this reason there was no duty on the part of the operator of the motor vehicle to stop, and counsel argues therefrom that it is distinguishable from the instant case because here the defendant Davidson did not cross the highway, but stopped his plainly marked bus on the right-hand side of the highway, and therefore the clear mandates of the statute required the defendant Bush to stop, and under such circumstances the operator of the bus, the defendant Davidson, was relieved of any liability. It must not be overlooked that, under the petition in the instant case, while the defendant Davidson did not drive across the highway, according to the allegations of the petition, he did violate his mandatory statutory duty by stopping his bus with a portion of it "actually occupying the center of the highway," and the bus was less than 8 feet from the center of the highway. So we find the bus driver in the *Gazaway* case and the bus driver Davidson in the instant case committing acts of negligence per se. It might be as dangerous for the operator of the bus to bring his vehicle to a stop with a portion of it occupying the center of the highway, as for a bus driver to drive across the highway and deposit children in a filling station; the jury might be authorized to find, under the evidence, that it was more dangerous. It can readily be discerned that, where a bus is stopped for the purpose of discharging a school child to deposit him on the right-hand side of the highway with the left portion of the bus occupying the center of the highway, in such a situation the child, in going from the front of the bus to the back thereof, might have his vision of oncoming cars, going in the direction opposite from the bus, obstructed. Then, too, the petition alleges that the defendant Davidson did not park his bus as far to the right as practicable. In the *Gazaway* case, while this court held that, though the operator of the book company's motor vehicle was not amenable to the mandatory provisions of the statute in regard to stopping his motor vehicle because of the law applicable to stopping his vehicle when approaching a school bus—for the

child had been deposited and the school bus was off the high-way—he was nevertheless liable for concurrent negligence along with the operator of the school bus.

To our way of thinking the line of reasoning does not convince us that the defendant Davidson should be released because the defendant Bush violated his statutory duty, in that he did not stop when approaching a school bus. As above observed, both the defendant Davidson and the defendant Bush were concurrently liable in the instant case by the same process of reasoning as was applied in the *Gazaway* case. Counsel for the defendant Davidson cited the following cases in support of his contention to the effect that the sole proximate cause of the injury was the negligence of the defendant Bush, on the ground, among others, that the defendant Davidson had the right to assume that the defendant Bush would stop, and that the act of Bush was the intervening cause which insulated the defendant Davidson against any liability: *Yellow Cab Co.* v. *Carmichael*, 33 *Ga. App.* 364 (126 S. E. 269)'; *Pinnell* v. *Yellow Cab Co.*, 77 *Ga. App.* 73 (47 S. E. 2d, 774); *Andrews & Co.* v. *Kinsell*, 114 *Ga.* 390 (40 S. E. 300); *Teche Greyhound Lines* v. *Daigrepont*, 60 *Ga. App.* 389 (3 S. E. 2d, 857); *Dishinger* v. *Surburban Coach Co.*, 84 *Ga. App.* 498 (66 S. E. 2d, 242); *Hexter* v. *Burgess*, 52 *Ga. App.* 819 (184 S. E. 769). It is well settled that, except in plain and palpable cases, questions of negligence, proximate cause, and intervening acts of negligence are all for the determination of a jury. Such questions are peculiarly and generally to be determined on questions of fact by a jury rather than, as a matter of law, by the court. The law is so well established as to this principle it would be useless to cite decisions thereon, since they are so numerous. However, we will call attention to one which seems to cover this point, *Edison* v. *Felder*, 68 *Ga. App.* 188 (22 S. E. 2d, 523).

The grounds raised by the special demurrers are so entwined with and related to the general demurrers that it is almost impossible to deal with them separately. In conclusion, we will, however, discuss further one special ground, which is to the effect that there was no duty on the part of the defendant Davidson to assist a 9-year-old child in the instant case in crossing the highway safely. While it is true that the statute does not make

this a mandatory duty upon the bus driver, nevertheless, under all the facts alleged in this petition, we think that the court did not err in overruling this special demurrer. We reach this conclusion for the reason that, when the bus driver violated mandatory duties imposed upon him by statute in parking the school bus partly in the center of the highway, and in driving it in such a way as not to park it to the right as far as practicable, the jury might be authorized to find under the evidence that he then should have, in the exercise of extraordinary care—which the law imposed upon him—been required to assist the child who alighted from the front end of the bus on its right-hand side, around to the back of the bus to protect the child from fast oncoming cars, which the defendant Davidson, under the allegations of the petition saw, or could have seen, approaching the school bus at an unlawful rate of speed. As we have heretofore observed, the 9-year-old child was not presumed to be capable of exercising care to protect himself. When the school-bus driver Davidson, himself, had violated the law, he took himself from under the protection of the provisions of the statute, which was enacted for his protection as well as the protection of school children.

It might be that the jury may rightfully consider the question as to whether or not, under all the facts and circumstances of this case, including the tender years of the infant, the defendant Davidson should not have sat idle, high up in his school-bus seat, and left the child to his own devices to extricate himself from the precarious situation which the defendant Davidson had created by the violation of his own mandatory duties under the statute. We are not saying that the defendant Davidson did this, because this is a matter of proof, but we are making this observation in view of the allegations of the petition only. And in view of all of the allegations of the petition and the demurrers thereto in the light of the statute and decisions of courts in connection therewith, the court did not err in overruling the demurrers, both general and special.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*