38404. BREWER, by Next Friend v. GITTINGS.

DECIDED SEPTEMBER 12, 1960.

*E. J. Clower*, for plaintiff in error.

*Wright, Rogers, Magruder & Hoyt, Wade C. Hoyt, Jr.*, contra.

BELL, Judge. ■ Special ground 5 of the motion for new trial contends that the verdict in favor of the plaintiff's child in the sum of $10 is so grossly inadequate as to justify the inference of gross mistake, undue bias, and prejudice on the part of the jury.

*Code* § 105-2015 provides, "The question of damages being one for the jury, the court should not interfere, unless the damages are either so small or so excessive as to justify the inference of gross mistake or undue bias." In this case the plaintiff's injuries were severe and undoubtedly painful. There is some indication of permanent impairment. If there is any liability to the plaintiff who has sustained a skull fracture, two fractured ribs, and a partial pneumothorax, or partially collapsed lung, plus scars and baldness around the scars and swelling of the broken ribs, the liability in all conscience must be for some amount greater than $10. The jury by its verdict has found that the defendant is legally liable to the plaintiff in tort, and since this has been established, the diminutive damages awarded justify the inference of gross mistake or undue bias within the meaning of *Code* § 105-2015. Thus, where the verdict establishes liability and the proof shows actual damages where the medical expenses, etc., amounted to $107, a verdict for one dollar was held grossly inadequate and contrary to the law and evidence. *Travers v. Macon Ry. &c. Co.*, 19 Ga. App. 15 (90 S. E. 732). In that

case it was held that a new trial should have been granted. In a later case a verdict for $100 in the plaintiff's favor was held to be so small as to require the granting of a new trial. *Anglin v. City of Columbus*, 128 Ga. 469 (57 S. E. 780). The language used in the *Anglin* case by Mr. Justice Atkinson, at pp. 472-473, is quite appropriate to the case at hand: "The only other question, therefore, with which we are to deal is as to whether the amount fixed by the jury was so small and disproportionate to the pain and suffering endured from the injury as to justify the inference of gross mistake or undue bias. Under the evidence disclosed by the record, if the plaintiff was entitled to recover anything, she was entitled to recover damages commensurate with the injury sustained. One hundred dollars was the amount fixed by the jury, which we think is no compensation whatever for the pain and suffering already endured . . . It was insisted by counsel for the defendant in error that the verdict for this insignificant sum should be interpreted as a finding in favor of the city upon its contention that the city was not negligent, and that the pittance allowed by the jury was a matter of mere gratuity. We can not construe the verdict in that way. A verdict for the plaintiff could not have been lawfully had against the defendant upon any theory except that of the negligence of the defendant, described in the pleadings; and when the jury expressly found against the defendant, the verdict must be construed according to its recitals. The jury must be taken at its word, when by the effect of its verdict it finds that the city was negligent. . . We are constrained, therefore, to hold that in view of the evidence and the nature of the injury complained of and the small amount of the verdict, there was an abuse of discretion in not granting the plaintiff's motion for new trial. The evidence as to the defendant's negligence was of such character as to have authorized a finding in favor of either party. If the jury did not believe that the city was negligent, they should have returned a verdict in favor of the defendant; but if, on the other hand, they believed from the evidence that the city was negligent, and that its negligence resulted in the injury as set forth in the plaintiff's declaration, they should have found a verdict for the plaintiff for such an amount as would be fairly compensatory for the injury sustained."

We think the same reasoning applies to this case, and that the jury, having found the defendant was liable to the plaintiff for his negligence, has rendered a grossly inadequate verdict, and because of this, the trial court should have granted the plaintiff's motion for a new trial. See also the following cases on inadequacy of the verdicts: *Potter v. Swindle*, 77 Ga. 419 (3 S. E. 94), and *Moore v. Sears, Roebuck & Co.*, 48 Ga. App. 185 (172 S. E. 680).

Special ground 6 was abandoned and, therefore, is not considered.

■ Special ground 7 of the amended motion assigns error in that the court did not charge the following written request: "I charge you, gentlemen, that the courts of this state have held that a child of the tender age of seven cannot be guilty of negligence so as to bar himself from recovering damages for injuries sustained on account of the negligence of others." The record discloses that the father's testimony shows the child was born on December 8, and was thus four days short of being seven years and four months old on the day of his injury. *Code* § 105-204 defines due care in a child as such care as its capacity, mental and physical, fits it for exercising in the actual circumstances of the occasion and situation under investigation. In interpreting this section, the courts have held that children below the age of six years are not chargeable with negligence. *Christian v. Smith*, 78 Ga. App. 603 (51 S. E. 2d 857); *Red Top Cab Co. v. Cochran*, 100 Ga. App. 707 (2) (112 S. E. 2d 229). On the other hand, a child seven and a half years of age has been held to be capable of contributory negligence. "It was for the jury to determine whether this child who was only about seven and a half years of age at the time he received the injuries complained of, exercised due care . . . on the occasion and under the circumstances in question." *Mayor &c. of Madison v. Thomas*, 130 Ga. 153 (3) (60 S. E. 461). In *Cohn v. Buhler*, 30 Ga. App. 14 (116 S. E. 864), the court held that the jury should determine whether a child seven years of age at the time of the injury should be found to be negligent.

The case of *Harris v. Combs* was before the Court of Appeals twice, and in the first report the child was stated to be seven

years of age at the time of the injury. 96 Ga. App. 638 (101 S. E. 2d 144); 98 Ga. App. 418 (105 S. E. 2d 760). In the *Harris* case the court did state that no contributory negligence could be involved on the part of the child because of the very young age of the child, citing, among other cases, *Cohn v. Buhler,* supra. However, as we have noted, the *Cohn* case held that a child seven years of age *could be found by the jury to be negligent.* The *Harris* case also cited *Braswell v. Smith,* 27 Ga. App. 430 (110 S. E. 415). But it is to be observed that the *Braswell* case does not show the age of the child involved and, therefore, can not be authority for the proposition stated. The third authority cited in the *Harris* case is *Ragan v. Goddard,* 43 Ga. App. 599 (159 S. E. 743). But the *Ragan* case cannot be construed as supporting the enunciated principle for the reason that the child there involved was twelve years three and a half months old. We, therefore, must disagree with any contention that the *Harris* case holds that no contributory negligence can be attributed to a child seven years of age. Accordingly, we hold that where a child is seven years of age, a jury issue is presented as to whether or not the child can be guilty of negligence or contributory negligence. Consequently, special ground 7 of the amended motion for the new trial was properly overruled by the trial court.

■ Special ground 8 of the amended motion urges that it was error for the court to charge, "The degree of care and diligence required of plaintiff is ordinary care and diligence. Negligence is the omission to do something which a reasonable *man,* guided by those considerations which ordinarily regulate the conduct of human affairs would do, or doing something which a prudent and reasonable *man* would not do," and, "Now, as I charged you, the defendant is required to exercise ordinary diligence, and all that is required of the plaintiff is ordinary diligence, or due care." These instructions, it is contended, placed upon the plaintiff the burden to show that he used the ordinary care and prudence of a *man,* and to support his contention that this is error the plaintiff cites the case of *Western & Atlantic R. Co. v. Rogers,* 104 Ga. 224 (30 S. E. 804), wherein the trial judge instructed the jury that ordinary diligence is that care which every

prudent man takes of his own property of a similar nature, and the absence of such diligence is deemed ordinary negligence. The Supreme Court there held that by using this language, the trial judge in effect instructed the jury that if a child had not the capacity to exercise the care of a prudent man, the young one could not be chargeable with any negligence at all. The charge of the *Western & Atlantic Railroad* case is thus distinguishable from the instruction here. In the present case, immediately after defining negligence in a proper manner and stating that the plaintiff and the defendant were both required to exercise ordinary diligence, the court immediately went on to say, "Due care in a child of tender years is such care as his capacity, mental and physical, fits it for exercising in the actual circumstances in the occasion and situation under investigation," which is the language of *Code* § 105-204. Construing this portion of the charge as a whole, we feel that it was not erroneous and could not have misled the jury. Therefore, special ground 8 was properly overruled.

■ Special ground 9 of the amended motion urges that the court erred in charging that there is no presumption of law that the child did or did not exercise due care, or that the child did or did not have sufficient capacity at the time of the injury to know the danger or to observe due care for his own protection. We do not accept either of the cases cited in support of this disputation as sustaining the contention that this charge is erroneous. These cases cited are *Harris v. Combs,* supra, and *Red Top Cab Company v. Cochran,* supra. The only holding at all relevant in either of the cited cases is that in the *Red Top Cab Company* case to the effect that a child six years of age is too young to be capable of contributory negligence.

As a general rule in the United States, children under fourteen years of age are presumed incapable of contributory negligence. 65 C. J. S. 980, Negligence, § 218. The cases, however, are lacking in uniformity with respect to the question of whether there are presumptions that infants have the capacity to exercise the care required to avoid being contributorily at fault. Most jurisdictions, following the criminal law rules, hold that children under seven years of age are conclusively presumed to be in-

capable of contributory negligence. Ibid, p. 980-1. This ency-clopedic work goes on to cite the general rule as being that there is a rebuttable presumption of lack of capacity to exercise the care necessary to avoid being held contributorily at fault in the case of children between the ages of seven to twelve or fourteen years, but that above these ages the presumption changes, and there is generally held to be a presumption of capacity to exercise the appropriate degree of care where the child is above the age of twelve or fourteen years. Ibid at 981. By citing two Georgia cases this treatise leaves the incorrect inference that the Georgia rule agrees with the general law, i.e., that there is a rebuttable presumption of lack of capacity to exercise the care necessary to avoid being held contributorily at fault in children between the ages of seven to twelve or fourteen years of age. But an examination of the Georgia cases refutes this inference. The two cases cited in Corpus Juris Secundum to support its view are *Rogers v. McKinley*, 48 Ga. App. 262 (172 S. E. 662) and *Davidson v. Horne*, 86 Ga. App. 220 (71 S. E. 2d 464). In the *Rogers* case the decision was based on an erroneous in-struction on the issue of comparative negligence. The court's in-struction in reference to the point at hand simply followed very closely the language of *Code* § 105-204, defining due care in a child of tender years. Furthermore, in the *Rogers* case the court, in passing on this charge, stated that a child under four-teen is not presumptively charged with negligence, and that the question of whether or not a child is capable of being negligent "except in plain and unmistakable cases is a question for de-termination by the jury." The incorrectness of the inference is made even clearer by the *Davidson* case, where the court, with respect to a child alleged to be only nine years of age, stated, "there is no presumption that he would apprehend danger and exercise ordinary care for his own safety."

It seems clear from the Georgia cases that the question of capacity or lack of capacity to be contributorily negligent in the case of children between the ages of seven and fourteen is a sub-jective one which necessarily depends in each situation upon the particular child's mental and physical capacity. Thus, there is no presumption that the child did or did not exercise due care

or does or does not have sufficient capacity to recognize danger or to observe due care. See *Simmons v. Atlanta & West Point R. Co.*, 46 Ga. App. 93 (d) (166 S. E. 666); *Southern Ry. v. Chatman*, 124 Ga. 1026, 1037 (53 S. E. 692, 6 L. R. A. (NS) 283, 4 Ann. Cas. 675). Since the question of capacity is an individual one in each of the cases involving children between seven and fourteen years of age, the jury must first find that the particular child had the capacity required and then must decide whether or not the child exercised it. As it was stated in *Central R. & Bkg. Co. v. Rylee*, 87 Ga. 491, 495 (13 S. E. 584, 13 L. R. A. 634), "The better rule would be for the jury to deal with each case upon its own facts, unhampered by presumptions of law either for or against the competency of the child."

Inasmuch as we conclude that there is no presumption of law that the child here involved did or did not exercise due care or did or did not have sufficient capacity to know the danger or to observe due care, we do not find any error in this portion of the charge objected to. These are issues of fact for the jury to determine.

■ Special ground 10 of the amended motion relates to the question of whether or not a child seven years of age, actually in this case seven years and almost four months of age, can be guilty of contributory negligence, and in view of our holding that a jury question is thus presented, special ground 10 is without merit.

■ Special ground 11 asserts that the court erred in giving the following charge to the jury: "I charge you the defendant contends as one of his defenses that the plaintiff's child's injuries occurred as a result of an accident, as far as the defendant is concerned. The word 'accident' has two or more separate and distinct meanings. As used in connection with this case, it does not have the meaning which the word has to the average layman. In Georgia law, it generally means in connection with personal injury cases such as this, an injury which occurred without being caused by either the negligence of the plaintiff or the negligence of the defendant. The idea of accident excludes responsibility for the cause of the injury.

"If you find from a preponderance of the evidence in this case

that the plaintiff's child's injuries, if any, were caused by accident, as I have defined the word, insofar as the defendant is concerned, that is, it occurred without any lack of ordinary care and diligence on the part of the defendant, then the plaintiff could not recover from the defendant in this case." The term, "accident," as thus defined by the court in its instruction is the term given in the law of torts generally to an unintended occurrence which could not have been prevented by the exercise of reasonable care. While the early law was contrary, under the present-day view there is generally no liability for an unavoidable accident, which is defined as one which under all the circumstances could not have been prevented by the exercise of reasonable care. Prosser, Hornbook on Torts, 2d Ed. § 29. Under the pleadings and the evidence, the issue of accident was, we feel, fairly raised, and the instruction on the point was properly presented.

■ Special ground 12 declares that the court erred in giving the following charge to the jury: "Now, as I charged you, the defendant is required to exercise ordinary diligence, and all that is required of plaintiff is ordinary diligence or due care." This, it is said, places upon the child the duty of exercising the care which the law does not thrust upon him, and again it is argued that the plaintiff could not, as a matter of law, be guilty of contributory negligence. Since the trial court, in its charge, had given the jury instructions as to what constitutes due care in a child in the language of *Code* § 105-204, this charge was not erroneous. Special ground 12 of the amended motion has no merit.

By reason of the gross inadequacy of the verdict as astutely attacked by special ground 5 of the amended motion for a new trial, the judgment of the trial court overruling the plaintiff's motion for new trial is hereby reversed.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*