[Civ. No. 9010.   Third Dist.   Aug. 1, 1957.]

JOE NAHHAS et al., Appellants, v. PACIFIC GREY-HOUND LINES (a Corporation), et al., Respondents.

George G. Olshausen for Appellants.

Hansen, McCormick, Barstow & Sheppard for Respondents.

VAN DYKE, P. J.—Plaintiffs and appellants appeal from a judgment entered upon a defense verdict in a personal injury action. The accident out of which this action arose occurred at an intersection of a county road and a four lane through highway. A truck owned by Joe Nahhas and being driven by appellant Najil Nahhas, hereinafter referred to as the appellant, was struck by one of the corporate respondent's buses, which was being driven by its employee Homer Link. Appellant was traveling alone in a northwesterly direction on the county road. He testified that he stopped at the intersection with the through road and looked in both directions. He saw the bus, which he could not then identify as such, approaching the intersection from the south at a point near where another county road entered the throughway. This distance was ascertained to be more than 1,700 feet south of the intersection which appellant was approaching. As appellant proceeded into the intersection he again observed the bus at a considerable distance to the south, but did not look again to his left until he reached the center white line dividing the two northbound lanes of the through highway. He then heard a horn and looked to the left and saw the oncoming bus. He attempted to turn right at about the instant the front of his truck was struck by the bus. Link, the bus driver, testified that he observed appellant's truck approaching the intersection; that it slowed down from about 30 miles per hour to about 18 to 20 miles per hour and then drove into the intersection without stopping; that his bus was then in the left-hand, northbound lane; that when he was about 300 feet from the intersection he realized that appellant was not going to stop or turn, but was going to cross the highway directly in the path of the bus. Link further said that he observed, as appellant approached the intersection, that appellant was not looking to his left and that he (Link) thereupon began sounding his horn and applied his brakes; that when he was about 300 feet from the intersection he concluded appellant was not going to stop; that the speed of the bus was then about 57 miles per hour. Stated narratively, he further testified: When I saw he was coming on through I applied my brakes. Then knowing, if I got my brakes on and tried to go behind him, I would hit him dead center, causing the bus to turn over if I went over the top of him, I stepped back on my accelerator, pulled to the left, hoping he would catch me on the side which wouldn't be near as bad. I was in the left-hand lane and I pulled farther left,

I slowed down, I just hit him, that is all, just touched him. I brought the bus down to probably five miles an hour or less, wouldn't say because I wasn't looking at the speedometer at the time. He didn't look when he came through the stop sign, he just kept on coming. I had my foot on the air horn. I put it on about 300 feet back from the intersection. The truck kept coming until the time of impact. He made no effort to slow up any more after going past the stop sign.

As is often true in this type of case, there was a decided conflict in the evidence and the defense verdict finds substantial support. Appellant does not claim otherwise. It is claimed, however, that the court erroneously struck out the entire evidence of one witness and that the court erroneously refused a requested last clear chance instruction. It also appears, from our examination of the record, that there was an erroneous instruction concerning the presumption of due care, which we will discuss later.

One Mercado testified for plaintiffs. He was driving on another intersecting road south of the one on which appellant was traveling and either partially saw the collision or arrived at the point within a very short time after the collision occurred. He had a very poor command of English and considerable time was spent by counsel for the plaintiffs in attempting to elicit testimony as to what he saw and observed at the scene. The result was that such testimony as was obtained was very confusing and apparently conflicting. No interpreter was present who spoke the witness' native Spanish. After considerable time, plaintiffs' counsel exhibited a typewritten statement purportedly signed by the witness and in an endeavor to make progress defense counsel offered to stipulate that parts of this statement be introduced as containing what the witness would testify to. However, there were hearsay statements in the typewritten statement which defense counsel was understandingly unwilling to have admitted into evidence. The offer to stipulate was accepted by plaintiff's counsel and the witness was then taken on cross-examination. It developed at once that he had never signed the statement, either the original which had been handed to defense counsel by plaintiffs' counsel or the copy retained by plaintiffs' counsel, and he said that the statement had been sent to him by the plaintiffs a few days before the trial. Defense counsel then asked that the matter introduced on stipulation be stricken since he had assumed the statement had been signed by the witness and had not known the true facts.

Plaintiffs' counsel readily assented, stating that he had not interviewed the witness nor known that there was anything spurious about the purported statement. The court struck out the entire testimony of the witness and that action is here asserted to have constituted prejudicial error. ■ It was clearly error under the circumstances to strike the entire testimony of the witness. There was no showing that he had testified falsely and although his testimony was certainly hard to understand it was not completely without materiality. However, the subject matter of the testimony so stricken was testified to by other witnesses for the plaintiffs and under the circumstances we hold that the error complained of was not prejudicial.

■ It was proper for the court to instruct upon the doctrine of last clear chance. Although the evidence that there was a last clear chance was weak, yet appellant was entitled to have the jury pass upon the situation presented under instructions as to the doctrine. It has been recently restated by the Supreme Court in the case of *Brandelius* v. *City & County of San Francisco*, 47 Cal.2d 729, 743 [306 P.2d 432], the statement being as follows:

". . . The doctrine of last clear chance may be invoked if, and only if, the trier of the facts finds from the evidence: (1) that the plaintiff was in a position of danger and, by his own negligence, became unable to escape from such position by the use of ordinary care, either because it became physically impossible for him to escape or because he was totally unaware of the danger; (2) that defendant knew that plaintiff was in a position of danger and further knew, or in the exercise of ordinary care should have known, that plaintiff was unable to escape therefrom; and (3) that thereafter defendant had the last clear chance to avoid the accident by the exercise of ordinary care but failed to exercise such last clear chance, and the accident occurred as a proximate result of such failure."

It is clear that the jury could have found that appellant was in a position of danger by his own negligence. And it is equally clear that it could have been found that through his negligence he was unable to escape therefrom either because he was unaware of the danger or because, due to the slow progress of his vehicle, he could not, if the bus continued on its way, avoid being hit by it. There was testimony that his speed in the gear he was using was about 5 miles an hour. There was testimony that the bus was traveling 70 miles an

hour. The jury could have concluded that once he was engaged in crossing the intersection he could not have cleared it in time. (See *Smith* v. *Los Angeles Ry. Co.*, 105 Cal.App. 657 [288 P. 690]; *Handley* v. *Lombardi*, 122 Cal.App. 22 [9 P.2d 867].) It could have been found that Link knew that appellant was in a position of danger from what he observed ahead of him and further knew, or should have known, that he was unable to escape. Finally, it could have been found, although here the showing is weak, that Link could have avoided the accident by using due care after knowing both appellant's danger and his inability to escape. In short, the jury could have found that Link did have a last clear chance and negligently failed to utilize it.

Although we have said that the evidence presented a situation which entitled appellant to have the jury instructed upon the doctrine of last clear chance, the record discloses that the instruction requested and refused was in exactly the same form as the instruction held improper in form in *Brandelius* v. *City & County of San Francisco, supra,* concerning which the Supreme Court said on page 743:

"The vice of the challenged instruction in this case rests in the confusing manner in which it amplifies into six subdivisions the last clear chance formula, interchanges the terms 'position of danger' and 'perilous situation' without any clear indication of whether said terms are or are not intended to be synonymous, and by its fifth subdivision conditions the commencement of the time for the exercise of the last clear chance solely upon defendant's acquisition of 'actual knowledge of the perilous situation' of the injured party."

It is thus to be seen that the requested instruction was erroneous on the very issue where the evidence justifying a last clear chance instruction was the weakest, that is, the existence of sufficient time to avoid the collision after Link was chargeable with knowledge of the inability of appellant to escape. When this case was tried, however, the Brandelius decision had not been rendered, and, as noted by the Supreme Court, the giving of the instruction on last clear chance in that form had gone unchallenged for some time. It was challenged in the Brandelius case and in *Moreno* v. *Los Angeles Transit Lines,** (Cal.App.) 286 P.2d 923, each decided by a district court of appeal after the trial of this case. Both cases were taken over by the Supreme Court.

*A hearing was granted by the Supreme Court on Oct. 5, 1955. Dismissed on stipulation.

Appellant complains of error in the refusal of an instruction on sudden peril which was proposed by appellant in proper form and refused as inapplicable. The contention rests upon the plaintiff Najil's testimony that he stopped when he reached the intersection, let two semitrailers pass, looked up and down the highway and then proceeded in compound low gear; that he first saw the bus so far away that he did not recognize it as a bus and in any event estimated he could cross in front of it without letting it pass; that when he heard the horn and the bus was "right on top" of him he turned or began a turn to the right. We think the situation did not justify an instruction on sudden peril. We perceive no way in which the sudden act of Najil in attempting to turn to the right when the bus was, as he described it "right on top" of him in any way contributed to the accident. It appears that at the time he said he perceived the peril the collision was inevitable.

Complaint is made of other instructions refused, but we think it unnecessary to specifically discuss these assignments. The court did, however, as appears from the record, instruct the jury as follows: "It is not sufficient in a suit to recover damages, for a plaintiff to show merely that an accident has occurred and that he or she was injured; but he must also show before any recovery can be had that the accident occurred by reason of the negligence of the defendants. Neither the fact of the happening of the accident upon which this suit is based, nor the filing of this case in Court, raises any presumption whatever that the defendants are responsible for such accident or liable to plaintiffs in damages. On the other hand, the law presumes that defendant Homer Eugene Link at all times acted with due care and was not negligent, and such presumption is a species of evidence which continues with the defendants in this case, unless and until overcome by contrary evidence." The instruction was requested by the defendants, and in view of the fact that Link testified fully concerning his conduct prior to and through the happening of the accident, the defendants were not entitled to rely on the presumption that he used due care. (*Nunnemaker* v. *Headlee,* 140 Cal.2d 666, 674 [295 P.2d 438].)

In view of the whole record, and notwithstanding the fact that the requested instruction on last clear chance was improper in form, we think that the situation is one which requires reversal. The cases cited in *Nunnemaker* v. *Headlee, supra,* hold that telling a jury a party is entitled to the pre-

sumption of due care when the facts do not warrant such an instruction is serious error. Many reversals have been based thereon. It was error to strike the testimony of the witness Mercado, although by itself that error was not serious. The jury should have been instructed on last clear chance. On the whole, we believe the record presents a case beyond the saving grace of section 4½ of article VI of the Constitution.

The judgment is reversed.

Schottky, J., concurred.