[Civ. No. 22038.    First Dist., Div. Two.    Apr. 19, 1965.]

HELEN LAPPIN, Plaintiff and Respondent, v. ALAMEDA-CONTRA COSTA TRANSIT DISTRICT, Defendant and Appellant.

Spencer W. Strellis and Mills & Davidson for Defendant and Appellant.

Ricksen, Snook & Vendt, W. Sayer Snook, Jr., and Rupert H. Ricksen for Plaintiff and Respondent.

AGEE, J.—In this personal injury action arising out of a bus-automobile collision at a level intersection on a clear day, defendant transit district appeals from a judgment entered upon a jury verdict in favor of plaintiff automobile driver.

Shattuck Avenue and Oregon Street intersect each other at right angles; Shattuck is 46 feet wide; appropriately placed stop signs require traffic on Oregon to stop before entering Shattuck; plaintiff was westbound on Oregon; the bus was southbound on Shattuck.

The front end of the bus struck the right side of the automobile. The geographic point of impact was 8 feet east of the westerly curbline of Shattuck and 4 feet south of the northerly curbline of Oregon. The central point of impact on the automobile was about 8 feet back of the front bumper.

Appellant's only claim of error is the giving of an instruc-

tion, admittedly proper in form, on the doctrine of last clear chance. (BAJI No. 205, revised.) The question before us is whether there is any substantial evidence to support a finding that each of the three conditions upon which the doctrine is based is present. In determining this question, we shall view the evidence in the light most favorable to the application of the doctrine and indulge in every reasonable inference in support thereof. (*Daniels* v. *City & County of San Francisco,* 40 Cal.2d 614, 617 [255 P.2d 785].)

The first of the three conditions, the existence of which was impliedly found by the jury, is that the respondent negligently placed herself in a position of danger from which she could not escape because she was totally unaware of the danger.

Appellant readily concedes the sufficiency of the evidence indicating that respondent negligently drove into the pathway of the bus and thus placed herself in a position of danger. Its argument is that there is no evidence that respondent was totally unaware of the danger.

Respondent testified that she stopped for the stop sign before entering Shattuck; that she saw the bus, which was then one block away to the north; that she thereupon proceeded into the intersection at not over 5 to 10 miles per hour; that she intended to park on Oregon in the first parking place west of the intersection; that at some point while crossing the intersection she glanced to her right and again saw the bus; that she could not say "with all sincerity" how far the bus was then away but that "My feeling was that there was nothing to be apprehensive about"; that she redirected her attention to her course of travel and was slowing down in order to park when the impact occurred; that she had no forewarning, either by horn or otherwise, of the impending collision; that her first awareness of danger was when the impact itself occurred.

The police officer who investigated the accident testified that the bus driver "said that the other driver [respondent] did not see him coming." While this may have been hearsay as to appellant, it was not objected to and it remained in the record for the jury's consideration. The bus driver never denied making the statement nor did he ever contend that his conclusion was based upon hindsight, as distinguished from what he observed.

*Nahhas* v. *Pacific Greyhound Lines,* 153 Cal.App.2d 91 [313 P.2d 886], involved a collision between a northbound bus

traveling on a four-lane through highway and a westbound truck attempting to cross the highway from an intersecting county road. Plaintiff truck driver saw the bus when it was almost one-third of a mile away. He again saw it as he proceeded into the intersection. He did not look toward the bus again until his truck had reached the line dividing the two north-bound lanes of the through highway. He then heard a horn and looked to the left and saw the bus just before it struck the front of his truck.

The court held that an instruction on the last clear chance doctrine in the language of *Brandelius* v. *City & County of San Francisco*, 47 Cal.2d 729, 743 [306 P.2d 432], should have been given. BAJI No. 205, revised, is patterned after *Brandelius* and, as stated above, is the instruction given in the instant case.

The court in *Nahhas* stated that "It is clear that the jury could have found that appellant [plaintiff] was in a position of danger by his own negligence" and that "it is equally clear that it could have been found that through his negligence he was unable to escape therefrom . . . because he was unaware of the danger. . . ." (p. 94).

▉ In the instant case, as in *Nahhas*, the plaintiff was aware that there was a bus approaching the intersection but was not aware of the danger thereof because of the distance which the bus was from her on the two occasions she observed it before the collision.

We think that the testimony of the respondent and that of the bus driver himself is amply sufficient to support a finding that respondent was totally unaware of such danger until the actual moment of impact. ▉ And, as stated in *Peterson* v. *Burkhalter*, 38 Cal.2d 107, 110 [237 P.2d 977], "the inattentive plaintiff, as well as the physically helpless one, comes within the scope of the [last clear chance] rule."

▉ The existence of the second condition, that the bus driver knew that plaintiff was in a position of danger and further knew or, in the exercise of ordinary care, should have known that plaintiff was unable to escape therefrom because of her unawareness of the danger, is likewise supported by substantial evidence.

▉ The bus driver testified that he observed plaintiff's automobile and the direction in which it was proceeding from the time it entered the intersection until the collision. It was obvious to him that, if the two vehicles continued on their re-

spective courses at their respective speeds, plaintiff would be placed in a position of danger.

Knowledge of this danger may be imputed to the bus driver under the circumstances herein. ■ As held in *Sills* v. *Los Angeles Transit Lines*, 40 Cal.2d 630, 637 [255 P.2d 795], where one person sees another in a position which is in fact dangerous, he may not rely on dullness to excuse him from not realizing the danger of the position; and if he sees the dangerous situation he must use reasonable diligence in analyzing the same, knowledge of danger being imputed where the circumstances are such as to convey to the mind of a reasonable man that plaintiff is in a position of peril.

■ The evidence also shows that the bus driver knew, or in the exercise of reasonable care should have known, that plaintiff was unaware of her danger. He had a clear view of plaintiff at all times. There were no other moving vehicles in or near the intersection. He knew the speed at which he was going and knew, or should have known, that plaintiff would not have continued into the pathway of the bus if she had been aware of its nearness.

■ The third condition which the jury impliedly found to exist is that the bus driver had the last clear chance to avoid the accident by the exercise of ordinary care but failed to do so and the collision occurred as a proximate result of such failure.

The bus driver testified that he was 40 to 50 feet back from the intersection when he saw plaintiff come out of Oregon Street and start to cross the intersection in front of him; that his foot was then resting lightly on the brake pedal and that he could have then or at any time thereafter stopped the bus within not more than 10 feet; that he did not apply the brakes hard until he was 7 or 8 feet from the point of impact.

The physical facts show that the front end of the automobile had traversed the entire width of Shattuck before being struck broadside by the bus. The bus did not swerve or alter its course at any time before the collision nor give any warning of its approach.

In *Peterson* v. *Burkhalter*, 38 Cal.2d 107 [237 P.2d 977], a motorbike-automobile intersection collision case, defendant saw the bike when he was 50 feet from the intersection and he testified that he could have stopped his automobile in 10 to 15 feet. He did not put on his brakes immediately or swerve or sound his horn. The court said, at page 113, ''It cannot be

said, as a matter of law, that he did not have sufficient time in which to do something...." The giving of an instruction on last clear chance was held to be proper.

In *Buck* v. *Hill,* 121 Cal.App.2d 352 [263 P.2d 643], it was held that a jury could properly find that defendant bus driver, while driving in the center lane of a three-lane highway, had a clear chance to avoid colliding with an automobile approaching in the same lane, under evidence that the bus brakes were never firmly applied, that the bus driver had time to do so, and that had he done so the collision would have been avoided. The court approved the giving of an instruction on last clear chance. (See also: *Girdner* v. *Union Oil Co.,* 216 Cal. 197 [13 P.2d 915]; *Guyton* v. *City of Los Angeles,* 174 Cal.App.2d 354 [344 P.2d 910].)

We have concluded that there is substantial evidence to support findings that each of the three conditions necessary for the application of the last clear chance doctrine existed in this case.

Judgment affirmed.

Shoemaker, P. J., and Taylor, J., concurred.