[Civ. No. 12930. First Dist., Div. One. Mar. 19, 1946.]

RICHARD PERRY, a Minor, etc., Appellant, v. A. L. PIOMBO et al., Respondents.

Gregory, Hunt, Melvin & Faulkner and A. J. Zirpoli for Appellant.

570

John J. Taheny, T. H. Matimore and Robert L. Lamb for Respondents.

WARD, J.—This is an appeal by, plaintiff, a minor, by his guardian *ad litem*, from a judgment entered after a verdict in defendants' favor in an action for personal injuries. Plaintiff relies for reversal on alleged errors in the giving of and the refusal to give certain instructions. As no claim that the evidence is insufficient to support the verdict is involved, only those facts are stated which are necessary to understand the points raised on appeal.

The plaintiff, a fifteen-year-old boy, was injured when he was struck and run over by the rear wheels of a truck driven by defendant Pearson. The accident happened on the property of the Southern Pacific Company in South San Francisco. The plaintiff had proceeded to the depot with some friends who were to pick up newspapers for distribution. Pearson was driving a twenty-eight foot dump truck, consisting of a truck and trailer attached. He turned to the right from Grand Avenue across the railroad parking lot next to the depot toward the railroad private vehicle way, which paralleled a spur track. The evidence indicates that defendant Pearson intended to turn left across the spur track and park the truck near a restaurant. The plaintiff was walking west across the parking lot. Apparently he was preoccupied with some molding clay which he had in his hand. The other boys were arguing relative to the distribution of the papers. Suddenly one of the boys looked up, saw the plaintiff just about to walk into the side of the truck and shouted ''look out.'' The plaintiff evidently turned and backed into the vehicle and the rear wheels of the truck ran over him. The truck and trailer, which operated with considerable noise, stopped immediately, with its front end slightly turned across the spur track, when the driver heard shouts that he had run over someone. There is testimony that the truck was not going more than four or five miles an hour, and other testimony that it was traveling twelve or fifteen miles an hour. The driver had been delayed crossing the main line tracks by a train and had just started up across the main tracks and completed the turn into the way paralleling the spur track when the accident happened.

The plaintiff suffered a skull fracture and remembered

nothing immediately preceding or following the accident. However, he testified that he had often visited the premises, knew the general situation of the railroad depot, the location of the parking area and the way used by vehicles which paralleled the spur track.

■ Appellant asserts that during the giving of the instructions a statement was made by the trial court which tended to take away from the jury the theory of his case, namely, that Pearson had no actual business upon the way or lane used by the Southern Pacific Company as a depot for the delivery of freight, etc., and that he did not use due care in entering or driving in the lane. In support of this position it is contended that plaintiff had a right to be upon the premises and that the complained of "statement" during the giving of instructions was improper "without at least some comment on the correlative rights and duties of all parties involved." The comment reads as follows: "Some suggestion has been made here—and I am sure that counsel for plaintiff had no intention or purpose of misleading you— that Pearson had no business on the premises: I have no comment to make upon what Pearson was doing there, but you are not to take that as any indication that Pearson had no right on the premises. We are not concerned, in this case, as to whether anybody had any rights on the premises of the Southern Pacific Company because they are not here in this action, and it is not our affair."

A description of the area where the accident occurred appears in the record. There is no evidence that the use of the strip or thoroughfare by the public had been prohibited. The statement of the court to the effect that the rights of "anybody" to be on the premises "is not our affair" was unnecessary, but it does not appear to be an improper comment on the relative rights and duties of the respective parties and certainly is not prejudicial in view of instructions that each party was under a duty of exercising ordinary care under all the circumstances. The jury was properly instructed upon these matters prior and subsequent to the "comment."

■ The court refused to give two instructions requested by plaintiff. The first referred to "ordinary care" that should be exercised by plaintiff while "standing on private property," and the second referred to the right of the plaintiff using ordinary care to be at the scene of the accident,

and the right of defendant Pearson to be on Grand Avenue using ordinary care. It is claimed that without these instructions, in view of the first comment, the jury was not in a position to pass upon and determine the reciprocal rights and duties of the boy plaintiff and the driver defendant. No further supporting reason why the refusal was error appears. Points raised in this manner do not call for consideration. (*Miller* v. *Dollar Steamship Lines, Inc.*, 19 Cal.App.2d 206, 214 [64 P.2d 1163].) However, the question of the respective rights of the parties has been considered heretofore, including the duty of each party to use ordinary care under the circumstances. The court instructed: "Negligence is the doing of something which an ordinarily prudent person would not have done, in similar circumstances, or the omission to do something which such ordinarily prudent person would have done, under similar circumstances. When one acts as an ordinarily prudent person would have acted under the circumstances, here related to you, it cannot be said that he was negligent. Naturally, there cannot be any rule or yard stick by which you can say that, in every case, this is, or this is not, an act of negligence, but it always has to be, and the conduct of the parties must be, judged with relation to the time, and the place, and all of the circumstances surrounding the particular act. . . .

"Now, this boy you have seen, you have heard his age, you have heard what occupations he has been engaged in, you have heard of his standing in school, you see his size. The same rule, of course, does not apply in ascertaining whether he is guilty of contributory negligence as would to a grown or matured person, but you are to take into consideration all of those circumstances in ascertaining what would be reasonably prudent upon the part of a person his age, and of his apparent mental equipment."

 Lastly, the appellant complains of the court's refusal to give an instruction on sudden peril. The form of the instruction is immaterial in this case. Cases in which such an instruction is applicable involve situations where at least two courses of action are present after the danger is perceived and where no negligence is chargeable to the person to whom those courses of action are open. (9 Cal.Jur., 10-Yr. Supp. 763; 8 Cal.Jur., 10-Yr. Supp. 414.) Under the facts as related in the transcript of evidence, at the time the boy plaintiff perceived his danger, if he ever perceived it, he was

so near the truck that he could not avoid the accident. There is no evidence indicating that defendant Pearson ever knew or should have known of the imminent danger to plaintiff.

For the foregoing reasons the judgment is affirmed.

Peters, P. J., and Schottky, J. pro tem., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 16, 1946.