41572. WARE v. ALSTON.

Argued October 6, 1965—Decided November 10, 1965.

*J. Walter Cowart,* for plaintiff in error.

*Bouhan, Lawrence, Williams & Levy, Frank W. Seiler,* contra.

BELL, Presiding Judge. ■ Special grounds 1 and 2 of the motion for new trial assign error upon charges of the court on the theories of sudden emergency and unavoidable accident.

It appears from the evidence that defendant was approximately 525 feet from the intersection when he first became aware of his brake failure and that at that time he was traveling 45 miles an hour or less. Mathematically he therefore had a minimum of almost eight seconds, and perhaps several seconds longer, in which to respond to the situation before reaching the intersection.

Plaintiff contends that the theories of sudden emergency and unavoidable accident were inapplicable in the case because of the length of time and distance from the point where the brake failure occurred to the point of collision, that there was no "sudden emergency" or "unavoidable accident" because defendant had ample time and available courses of conduct to avert the collision.

"The word 'emergency' signifies some sudden or unexpected necessity, requiring immediate or at least quick action. . . An 'emergency' is a condition of things appearing suddenly or unexpectedly; that is, it is an unforeseen occurrence. As related to the law of negligence, it may properly be defined as any event or combination of circumstances which call for immediate action without giving time for the deliberate exercise of judgment or discretion, in short, an exigency." *Seaboard Air-Line R. v. Mc-Michael,* 143 Ga. 689, 695 (85 SE 891).

"Anything which operates to deprive a person of ability to exercise his intellectual powers and guide his acts thereby will relieve him of an imputation of negligence that otherwise might arise from his conduct. Emergencies or sudden perils illustrate this proposition. The rule judicially stated is that one who in a sudden emergency acts according to his best judgment, or who, because of want of time in which to form a judgment, omits to act in the most judicious manner, is not chargeable with negligence." *Bryant v. Georgia R. &c. Co.,* 162 Ga. 511, 517 (134 SE 319); *Pollard v. Weeks,* 60 Ga. App. 664, 672 (4 SE2d 722).

"A person threatened with an imminent danger is not held to the same circumspection of conduct that he would be held to if he were acting without the compulsion of the emergency. A person has a right to choose even a dangerous course, if that course seems the safest one under the circumstances." *Pacetti v. Central of Ga. R. Co.*, 6 Ga. App. 97, 102 (64 SE 302); *Horton v. Sanchez*, 57 Ga. App. 612, 620 (195 SE 873); *Pollard v. Weeks*, supra; *Morrow v. Southeastern Stages, Inc.*, 68 Ga. App. 142, 148 (22 SE2d 336); *Doyle v. Dyer*, 77 Ga. App. 266, 269 (48 SE2d 488); *Baggett v. Jackson*, 79 Ga. App. 460, 465 (54 SE2d 146). See also, *Cone v. Davis*, 66 Ga. App. 229, 232 (17 SE2d 849).

The doctrine of emergency "refers only to those acts, either of the plaintiff or the defendant, which occur immediately following the realization of the peril or crisis and before there is time for mature reflection." *Stripling v. Calhoun*, 98 Ga. App. 354, 357 (105 SE2d 923). And it cannot be invoked by one whose negligent conduct created the emergency. See *Briscoe v. Southern R. Co.*, 103 Ga. 224, 226 (28 SE 638); *United Motor Freight Terminal Co. v. Hixon*, 77 Ga. App. 506, 510 (6) (48 SE2d 769); *State Constr. Co. v. Johnson*, 88 Ga. App. 651, 653 (77 SE2d 240).

The effect of the emergency doctrine is simply this: The fact that a person is confronted with an emergency does not relieve him from the duty to exercise ordinary care; however, an emergency situation likely to impair the person's judgment is a factor to be considered by the jury in determining what is ordinary care under the circumstances. *Napier v. DuBose*, 45 Ga. App. 661 (4b) (165 SE 773); *Chitwood v. Stoner*, 60 Ga. App. 599, 603 (4 SE2d 605); *Cartey v. Smith*, 105 Ga. App. 809, 812 (125 SE2d 723).

Plaintiff contends that there was no emergency. However, whether an emergency existed or not, that issue, like all questions of diligence, negligence, contributory negligence and proximate cause except in plain and indisputable cases, was a question for determination by the jury. *Dabbs v. Rome R. &c. Co.*, 8 Ga. App. 350, 359 (69 SE 38); *Olliff v. Howard*, 33 Ga. App. 778, 781 (127 SE 821); *Brown v. Savannah Electric &c.*

*Co.,* 46 Ga. App. 393, 399 (167 SE 773); *Gatewood v. Vaughn,* 86 Ga. App. 823, 827 (72 SE2d 728).

Assuming arguendo, as plaintiff contends, that the evidence shows that defendant had ample time and distance and available courses of conduct by which he might have averted the collision, that alone does not mean that there was no emergency. Indeed, the emergency doctrine, by its very nature, *presupposes* the existence of factors like these, which would afford the person confronted by the emergency the opportunity to choose between alternative courses of conduct so as to adopt the safer course or one which might avoid the injury altogether. In the absence of such factors allowing quick judgment and consequent action by the one so confronted, there can be no conduct to which to apply the qualified standard, and the doctrine is thus inapplicable. In this connection see: Perry v. Piombo, 73 Cal. App. 2d 569 (166 P2d 888); Nahhas v. Pacific Greyhound Lines, 153 Cal App. 2d 91 (313 P2d 886); Corridan v. Agranoff, 210 Minn. 237 (297 NW 759); Frost v. Steens, 88 N.H. 164 (184 A 869); Healy v. Moore, 108 Vt. 324 (187 A 679); Hanson v. Matas, 212 Wis. 275 (249 NW 505); Klas v. Fenske, 248 Wis. 534 (22 NW2d 596).

Defendant contends that those factors which actually render the doctrine applicable to the instant case render it inapplicable. This argument is fallacious.

The fact that defendant was unable to stop the car in the allotted time and distance in his traffic lane according to the normal course in which he was proceeding, so that it was necessary that he take into account theretofore unconsidered factors, make a quick decision on the basis of them and act accordingly if he was to avoid an imminent collision, was clearly indicative of an emergency situation.

See on this subject generally the extensive treatment in 80 ALR2d 5-165.

In legal contemplation the term "unavoidable accident" does not mean "unavoidable" in the absolute sense of that word.

"There is generally no liability for an unavoidable accident, which is defined as one which under all the circumstances could not have been prevented by the exercise of reasonable care."

*Brewer v. Gittings,* 102 Ga. App. 367, 376 (116 SE2d 500). "In its proper use the term 'accident' excludes negligence; that is, an accident is an event which occurs without the fault, carelessness, or want of proper circumspection of the person affected, or which could not have been avoided by the use of that kind and degree of care necessary to the exigency and in the circumstances in which he was placed." *Richter v. Atlantic Co.,* 65 Ga. App. 605, 608 (16 SE2d 259); *Morrow v. Southeastern Stages, Inc.,* 68 Ga. App. 142, 146, supra. See also: *Code* § 102-103; *Stansfield v. Gardner,* 56 Ga. App. 634, 635 (193 SE 375); *Cobb v. Big Apple Supermarket,* 106 Ga. App. 790, 792 (128 SE2d 536).

However, as observed in Division 1, while the evidence may have shown that defendant might have avoided the collision with plaintiff's car, nevertheless, if after defendant's brakes failed he was in the exercise of ordinary care as qualified by the emergency doctrine, he would not have been negligent in failing to avert the collision even though he could have done so. If neither party was negligent, the collision would thus have been an "unavoidable accident" according to the legal definition of that term. We cannot say as a matter of law that under the circumstances neither party's conduct measured up to the standard of care applicable to him. The charge on the issue of accident, which the trial court delivered in the language of the charge approved in *Brewer v. Gittings,* 102 Ga. App. 367, supra, and *Cartey v. Smith,* 105 Ga. App. 809, 812, supra, was therefore authorized by the evidence.

■ Special ground 3 assigns error upon a portion of the court's charge respecting the issue of plaintiff's contributory negligence. Excerpts from the charge material to consideration of this ground are as follows: "I charge you that the defendant in this case has raised the issue of contributory negligence if he, himself, is negligent and his negligence, concurring in any degree with the negligence of another or of others, aids in proximately causing injury to himself. . . If you find that the plaintiff failed to exercise ordinary care at the time and place and under the circumstances then existing, he would have been guilty of contributory negligence. If you further find that this contribu-

tory negligence was the proximate cause of his injuries, then the plaintiff would not be entitled to recover."

Plaintiff contends that the charge given was incorrect as an abstract proposition of law because it indicated that plaintiff's negligence contributing in any amount to his injuries would bar his recovery against defendant and that it was incomplete because it failed to instruct the jury as to apportionment of damages between the parties.

The doctrine of contributory negligence as that term is used in the common law is not the law of this State; the doctrine which does obtain is that of comparative negligence. *Code* § 105-603; *Central of Ga. R. Co. v. Larsen,* 19 Ga. App. 413, 417 (91 SE 517). Mere contributory negligence does not bar recovery by plaintiff and it is harmful error to charge that a plaintiff's negligence will bar his recovery. See *Thomas v. Gainesville &c. R. Co.,* 124 Ga. 748, 749 (52 SE 801); *Louisville &c. R. Co. v. Stafford,* 146 Ga. 206, 209 (91 SE 29); *Lime-Cola Bottling Co. v. Atlanta & W. P. R. Co.,* 34 Ga. App. 103, 104 (128 SE 226).

With respect to use of the phrase "the proximate cause," the charge complained of in this ground is substantially the same as that approved in *Elberton & Eastern R. Co. v. Thornton,* 32 Ga. App. 259 (4) (122 SE 795). By its approval of the requested charge in that case, the court there approximated the phrase *"the* proximate cause" to "the *sole* proximate cause." "The" is "A demonstrative adjective used chiefly before a noun to individualize, specialize, or generalize its meaning, having a force thus distinguished from the indefinite distributive force of a, an, and from the abstract force of the unqualified noun." Webster's New International Dictionary (2d Ed. 1954), p. 2617. Thus the charge given was not equivalent to charging that plaintiff's contributory negligence, if any, would bar his recovery against defendant.

However, while "the proximate cause" as used in the charge given imports "the *sole* proximate cause," yet, the use of the former phrase in lieu of the latter is not good practice, where the precise meaning of the trial court can be so easily detailed for greater clarity to the jury.

Even if the excerpt from the charge attacked in this ground left the jury with some uncertainty as to its meaning, that uncertainty was resolved by another part of the charge as follows: "If the jury should find that the degree of negligence attributable to the plaintiff was less than that attributable to the defendant, the plaintiff would be entitled to recover, but not the full amount of his damages. Those damages, when ascertained, should be reduced by the jury in proportion to the degree of negligence attributable to plaintiff."

This ground of the motion for new trial shows no reversible error.

■ Special ground 4 states simply, "Because the charge as a whole was unfair and prejudicial to plaintiff's cause and was not responsive to the pleadings and evidence." This ground is too vague and incomplete to present anything for decision by this court.

■ The general grounds of the motion for new trial were abandoned.

*Judgment affirmed. Frankum and Hall, JJ., concur.*