## 47698. DAVIS v. CALHOUN.

ARGUED JANUARY 2, 1973— DECIDED JANUARY 23, 1973— REHEARING DENIED FEBRUARY 6, 1973—

*Zorn & Royal, William A. Zorn,* for appellant.
*Cullen M. Ward, Frank M. Eldridge,* for appellee.

DEEN, Judge. ■ The legal defense of emergency is not inappropriate merely because the action for damages is brought by a guest passenger in the defendant's automobile, although it deals with "ordinary care under the circumstances" whereas the duty owing to the passenger is one of slight care. See *Hatcher v. Bray,* 88 Ga. App. 344 (4) (77 SE2d 64); *Atkins v. Britt,* 114 Ga. App. 258 (1) (150 SE2d 841). In *Ware v. Alston,* 112 Ga. App. 627 (1) (145 SE2d 721) and cits. is to be found an excellent summary of factors which must appear to make the rule applicable: It refers only to those acts which occur immediately following the realization of the peril and before there is opportunity for mature reflection. It results from a combination of circumstances calling for immediate action, without time for consideration; it operates to deprive one of the exercise of his logical powers of choice. The result of the rule is to take these factors into account so as to relieve one of an imputation

of negligence that would otherwise attach if it appears that, although he might not when confronted with a choice of action under these exigent circumstances have pursued the wiser course, he nevertheless did that which a man in the exercise of due care might be expected to do in such circumstances; in other words, his conduct is judged not as hindsight might indicate but as things appeared to him in the moment of peril. "In the absence of such factors [requiring] quick judgment and consequent action by one so confronted [through no fault of his own] there can be no conduct to which to apply the qualified standard, and the doctrine is thus inapplicable." Id., p. 631.

The circumstances indicating that there was no emergency in this sense (no sudden peril caused by circumstances in which the defendant did not participate and which offered him a choice of conduct without time for thought so that negligence in his choice might be attributable not to lack of care but to lack of time to assess the situation) was as follows: The defendant topped a slight incline as the road made a slight curve. A truck was stopped in the roadway ahead waiting to make a left turn, and behind it a Mercury automobile was stopped. The distance from the top of the rise to the vehicles was one-fourth to one-half mile according to the driver of the Mercury; 300 to 400 feet according to the plaintiff; 140 to 180 feet according to the defendant. The defendant laid down 140 feet of skid marks, attempting to stop his car and also to turn it to the right. The driver of the Mercury, who had recently passed the defendant and was therefore traveling at the same or a slightly greater speed, had no difficulty in stopping immediately behind the truck after topping the rise. Neither car was exceeding the speed limit. The plaintiff noticed that the cars were halted before the defendant did, and made a comment to him at about the same time he noticed the fact. The driver and the plaintiff testified the brake lights were on the

Mercury; the defendant did not see them. Assuming under these circumstances that a jury question remained as to whether the defendant was negligent in failing to look ahead and see the cars in time to avoid colliding with them, there is still under the evidence no real choice of conduct open to the defendant *after* he realized the situation which would make the doctrine of emergency applicable, because the lead truck waited only for the passing of oncoming traffic and then made the left turn, clearing the right lane just before the defendant's car hit the Mercury and shoved it forward; there was therefore no question of passing on the left, and the defendant did not contend that he had a choice between attempting to stop and attempting to clear around the shoulder to the right. The real thrust of his argument was not that he made an emergency choice when confronted by a sudden danger, but rather that he was not negligent in any particular and the collision, as to him, was an accident or due to the negligence of others.

The trial judge stated at a pretrial conference that he did not consider emergency was involved, and during the trial refused a request to charge on this subject. Under these circumstances, we are satisfied that the ruling was proper.

■ While pleadings remain of record they constitute solemn admissions in judicio; they may be stricken, and thereafter, if they contain admissions against interest, they may be introduced by the opposite party for the purpose of contradiction to show a shift of position between mutually contradictory positions. *Stallings v. Britt,* 204 Ga. 250, 254 (49 SE2d 517); *Wilson v. Newton County,* 11 Ga. App. 816 (2) (76 SE 648).

The original petition in this case sought to join as codefendants Volkswagenwerk, Workswagen of America, Inc., and Volkswagen Southeastern Distributor, Inc., alleging that they were joint tortfeasors with Davis in that they had negligently designed and constructed the

seat, seat belt, dash and dash handle so that the vehicle was not crash-worthy and, when Davis negligently collided with the lead vehicle, plaintiff's face was thrown against the dash handle. The argument thus is that if the car had been differently designed the plaintiff's injuries suffered when her nose and mouth hit the dash handle would not have occurred. The Volkswagen companies were dismissed for lack of service and the petition rewritten. The defendant offered the original petition in evidence and it was excluded on objection.

Obviously, the positioning of the seat and dash handle may have affected the extent of the plaintiff's injuries, but it has no reasonable logical connection with the question of whether the defendant was negligent and, if so, whether he was guilty of ordinary or gross negligence. It was not alleged that anything involved in the design, manufacture, or inspection of the automobile contributed to the collision between it and the Mercury. Where joint and several tortfeasors are sued severally, a recovery for the total injury may be assessed against either. *Stone's Independent Oil Distributors v. Bailey,* 122 Ga. App. 294 (4) (176 SE2d 613). The primary issue on the trial of this case was whether or not the defendant was guilty of gross negligence. No car defect was alleged which bore on this subject. The secondary issue, amount of damages, is not affected, assuming Davis' negligence was the proximate cause of the collision, by elements of car design which may under the circumstances have exacerbated the facial injuries. Accordingly, the stricken pleadings did not constitute an admission against the interest of the plaintiff in her action against this defendant and it was not error to exclude the allegations of the original petition from the jury's consideration.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*