52258. CHRISTIANSEN et al. v. ROBERTSON.

SMITH, Judge.

This case, in its appearance before this court (*Christiansen et al. v. Robertson,* 139 Ga. App. 423 (228 SE2d 350)) was affirmed. The Supreme Court of this state, upon certiorari, reversed this court for holding in Division 2 of its opinion that an objection to a charge without stating the grounds therefor was insufficient to raise a reviewable question in this court. See § 17 of the Appellate Practice Act (Ga. L. 1965, pp. 18, 31) as amended by § 9 of the Act of 1968 (Ga. L. 1968, pp. 1072, 1078; Code Ann. § 70-207). The objection was, and we quote, "Turning to the defendants requests, Request No. 6, we would like to except to the court's giving that particular charge, the charge of sudden emergency."

The Supreme Court reversed us saying, "The Court of Appeals held that the objection lacked the required specificity. Applicants contend here that a trial court would know that the objection asserted that the doctrine of sudden emergency was not applicable. We agree. The Court of Appeals erred in not considering this

enumeration on its merit."

The enumeration of error is as follows: "The trial court erred in giving to the jury appellees request to charge No. 6 (expanded by the court), pertaining to the defense of sudden emergency as the same was not applicable to the appellant, Lisa L. Christiansen."

We, therefore, pursuant to the mandate of the Supreme Court, consider this enumeration on its merits.

The charge objected to reads as follows: "I charge you further that the Defendant Robertson asserts the defense of sudden emergency in this case. The court charges you that if you should believe from the evidence that Defendant Robertson, without fault on his part, suddenly was put in a place of peril by the action of Plaintiff, with insufficient time for him to consider all the facts and circumstances which surrounded him, the law would not require of him the same care and caution that it would a person who had ample time for the exercise of his judgment. In other words, when a person is suddenly put in the position of peril by the acts of another, and where, under the circumstances, this emergency is so great that they have to act without having time to think, then a person confronted with such emergency is not held to as strict accountability as a person who has ample time to consider the circumstances of the situation. Such a person would be required to exercise ordinary care as it will be hereinafter defined under the circumstances existing at the time of the emergency, if there was an emergency and it is for the jury to determine whether a sudden emergency existed and then whether or not the Defendant was at fault in bringing on the emergency — if he was he could not take advantage of any emergency — and then, finally, if he exercised ordinary care under the circumstances then existing."

One of the defenses plead by defendant was that he was faced with a sudden emergency.

The evidence was amply sufficient to show that as the automobile driven by the defendant was approaching the automobile driven by the mother of one plaintiff and the wife of the other, the automobile driven by the mother and wife made a sudden left turn in front of the automobile driven by the defendant and created a sudden emergency.

This was sufficient to authorize the charge, applicable to the defense of sudden emergency set up by the defendant, and expressly so stating that it also referred to the automobile as being driven by a plaintiff would not constitute reversible error; this for the reason that it was immaterial who created the sudden emergency, whether a plaintiff or a third person, the sudden emergency thus created as a defense for the defendant was applicable, irrespective of who created it (other than defendant); nor does the charge intimate or express any opinion that the "plaintiff" so making the left turn was negligent nor does it impute any negligence of the driver of the vehicle making the left turn to the passenger therein, the daughter of the driver. This charge dealt solely with the defense of sudden emergency as it related to the negligence or lack of negligence of the defendant. We find no harmful error in the charge on the grounds stated in the enumeration of error. The judgment is therefore affirmed.

*Judgment affirmed. Marshall and McMurray, JJ., concur.*

ARGUED JUNE 8, 1976 — DECIDED NOVEMBER 24, 1976 — REHEARING DENIED DECEMBER 13, 1976 — 

*Skinner, Wilson, Beals & Strickland, John V. Skinner, Jr., Earl B. Benson, Jr.,* for appellants.

*Long, Weinberg, Ansley & Wheeler, Sidney F. Wheeler,* for appellee.