## 56430. DOZIER et al. v. BRACKETT.

SHULMAN, Judge.

L. E. Dozier (hereinafter "appellant") and his wife sued appellee to recover damages arising from a collision between a car driven by appellant and a truck driven by appellee. Trial of the case resulted in a jury verdict for appellee. This appeal is from the trial court's denial of appellant's motion for new trial.

1. The first ground on which appellant asserts his motion should have been granted was that the evidence does not support a finding that appellant was negligent so as to bar his recovery. He contends that the evidence demands a finding that appellee was negligent, supporting that contention with the fact that appellee pleaded guilty to a traffic citation for failure to yield the right-of-way, and that there was no evidence at all of appellant's negligence.

"In passing upon a motion for new trial after verdict, the view of the evidence which is most favorable to upholding the verdict must be taken. This court will not disturb the trial court's refusal to grant a new trial if there is any evidence to support the verdict, however slight. [Cits.]" *Kelly Ford, Inc. v. Paracsi,* 141 Ga. App. 626 (1) (234 SE2d 170). See also *Brookshire v. J. P. Stevens Co.,* 133 Ga. App. 97 (9) (210 SE2d 46).

Appellee has cited testimony which he asserts constitutes evidence of appellant's negligence, authorizing an inference that appellant was inattentive to traffic conditions.

On direct examination of appellant, his attorney asked if there was traffic in any of the other lanes of the road onto which appellant had turned shortly before the collision. Appellant responded as follows: "Well, when I left the light and turned into this lane, it was a car over here, and I waited. *I didn't pay too much attention,* but as I left, the next thing I knew I hit the truck." (Emphasis supplied.) Appellant's own testimony provides some evidence of inattentiveness and, therefore, negligence. See *Nail v. Green,* 147 Ga. App. 660.

The evidence presented by the parties conflicted in several respects and the testimony of neither demanded a verdict in his favor. However, there was evidence to support the jury's verdict and we will not disturb it.

2. The second ground of the motion for new trial which appellant insists requires reversal was the jury instruction relating to the speed of appellant. The charge presented appellee's contention that the accident was caused by appellant's speed and quoted the language of Code Ann. § 68A-801. That section, in essence, requires drivers to drive at a speed which is "reasonable and prudent under the conditions and having regard for the actual and potential hazards then existing."

Appellant's complaint is that there was no evidence which authorized the charge. We disagree. Appellant testified as to his speed approaching the intersection at which the collision occurred. That evidence authorized a charge on Code Ann. § 68A-801. See *Currey v. Claxton,* 123 Ga. App. 681 (1), (1a) (182 SE2d 136).

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

ARGUED SEPTEMBER 19, 1978 — DECIDED NOVEMBER 14, 1978.

*William L. Skinner,* for appellants.
*Dennis, Corry, Webb, Carlock & Williams, Thomas S. Carlock, Douglas W. Smith,* for appellee.