## 56819. DELK v. SELLERS et al.

McMURRAY, Judge.
This suit for damages results from an injury to plaintiff which occurred when a homemade elevator in the home of defendant Sellers malfunctioned. The

elevator was built when Durham, a heart patient and former owner of the dwelling, induced his neighbor, Pearce, to assist him in designing and building an elevator to facilitate his movements to and from the basement. At the time of the construction of the elevator in 1957, Pearce was experienced in the electrical business, doing mechanical work, machine work, welding, motor winding and service work on electrical equipment.

The home was conveyed to defendant Sellers who contracted with defendant Harrell to do certain remodeling of the home. This remodeling included enclosing the area in which the elevator operated to create in effect an elevator shaft and replacement of the ceiling in the elevator cage.

Sellers was an Amoco jobber in the Bainbridge area, and Delk was territory manager of Amoco Oil Company. On the day of the incident in which Delk was injured, Delk, accompanied by Rising, a field sales manager with Amoco, called on Sellers at his plant in Bainbridge. The three had lunch together and later traveled to the Sellers' home where they viewed the remodeling which had been done. Prior to the incident the three men were in a den on the lower level of the Sellers home when Delk, in order to go to a bathroom on another level, had ridden the elevator up and down. When the three men were ready to leave they decided to ride the elevator up from the basement level. After the elevator had risen four or five feet it fell and Delk's arm was caught between the wall and the elevator face, causing severe injuries.

Delk, as plaintiff, brought this action for damages alleging negligence on the part of defendant Sellers and defendant Harrell. Upon the trial of the case the jury returned a verdict in favor of the defendants and against plaintiff. Plaintiff appeals. *Held:*

1. The evidence at trial did not demand a verdict in favor of plaintiff. Therefore, the trial court did not err in overruling plaintiff's motion for new trial on the general grounds. Questions of negligence and contributory negligence are peculiarly matters for the jury except in plain and indisputable cases. *Williams v. Kennedy,* 240 Ga. 163 (1) (240 SE2d 51) and cits.

The case sub judice does not fall within the exception to the general rule.

2. Nor did the trial court err in charging the jury on the theory of accident as the charge was authorized by the evidence in this case. *Cobb v. Big Apple Supermarket of Columbus, Inc.,* 106 Ga. App. 790, 792 (128 SE2d 536). See also *Gordon v. Gordon,* 133 Ga. App. 520, 525 (3) (211 SE2d 374). The injury could have resulted from negligence of others other than plaintiff or defendants.

3. Plaintiff contends that the trial court erred in charging the jury that it could find that the plaintiff was a licensee. Evidence was presented that the purpose of the three men in going to the home of the defendant Sellers was to see the renovation that had been made and that while there they toured the home, talked about duck hunting and drank beer. See Code § 105-402. This evidence, considered in the light of the test for distinguishing invitees and licensees set forth in such cases as *Higginbotham v. Winborn,* 135 Ga. App. 753, 755 (1) (218 SE2d 917), and *Cook v. Southern R. Co.,* 53 Ga. App.723, 725 (2) (187 SE 274), would authorize a determination by the jury that plaintiff was a licensee in defendant Sellers' home at the time of his injury.

The charge regarding the definition of licensee and the duty owed to a licensee was not an expression of opinion by the trial court but was a correct charge properly adjusted to the evidence. This portion of the charge was not unduly emphasized nor misleading.

There is no merit in plaintiff's contention that the distinction between a business invitee and a licensee is an impermissible classification in violation of the equal protection guarantees of the State and Federal Constitutions. See in this regard *Bickford v. Nolen,* 240 Ga. 255 (240 SE2d 24).

4. Plaintiff contends that due to the evidence, that defendant Sellers had given assurances of safety to plaintiff Delk that the elevator was in fact safe at the time that the plaintiff got on the elevator, the defendant Sellers had a duty to exercise ordinary care to make certain that the elevator was safe as he represented it to be and that the trial court erred in failing to so charge. The plaintiff has relied on cases in which a person under no

obligation to give a vehicle driver any signal at all undertakes to see that the way is clear ahead for another's vehicle to pass safely thereby undertaking an obligation to exercise ordinary care in performing this task. See such cases as *Shirley Cloak & Dress Co. v. Arnold,* 92 Ga. App. 885, 891-892 (3) (90 SE2d 622), and *Louisville &c. R. Co. v. Ellis,* 54 Ga. App. 783, 786 (3) (189 SE 559). In contrast the defendant Sellers in this case, by giving assurances as to the safety of the elevator is not undertaking a duty to exercise ordinary care in the present or future, but is stating an absence of any knowledge or awareness of a defect which might foreseeably cause injury, in this case by the elevator. This issue is adequately presented to the jury by the charge that "[a] possessor of land, . . . is subject to liability for physical harm caused to licensees, . . . by a condition of the premises or property if (a) the possessor . . . had knowledge or awareness of the fact that the elevator had some defect which might foreseeably cause injury or had reason to know of such condition and should realize there is involved an unreasonable risk of harm to such licensee and should expect that they would not discover or realize the danger; and (b) the possessor of the premises . . . fails to exercise reasonable care to make the conditions safe or to warn the licensee, . . . of the conditions and the risk involved; and further, the licensee does not know or have reason to know of the condition and risk involved." This charge appears to be taken from the language of *Patterson v. Thomas,* 118 Ga. App. 326 (163 SE2d 331).

5. Relying primarily on *Helmly v. Savannah Office Bldg. Co.,* 13 Ga. App. 498 (79 SE 364), plaintiff contends that the trial court erred in failing to charge that the owner of an elevator occupies the position of common carrier with the duty to exercise ordinary care for the safety of passengers. This elevator is located in a private home; therefore, the rationale of *Helmly v. Savannah Office Bldg. Co.,* supra, is entirely inapplicable to the circumstances under which this private home elevator is operated. Defendant Sellers, the owner of the home, is not in the business of providing transportation, nor does he receive any compensation directly or indirectly for the use of the elevator. This enumeration of error is without

merit.

6. The trial court's charge on Code § 38-119 (Presumption Arising From Failure to Produce Evidence) did not refer to either party, and thus charged it as an abstract proposition which might apply equally to either party. A new trial is not required. See *Seaboard C. L. R. Co. v. Harris,* 124 Ga. App. 126, 131 (5) (182 SE2d 915).

7. Cliet, the carpenter who installed the ceiling in the elevator, testified that he had drawn a red line on the wall of the elevator to designate where the ceiling should go and that defendant Sellers had told him where to put the red line. On cross examination Cliet acknowledged a prior statement that defendant Sellers did not show him exactly where to put the top of the ceiling except to stay below the round rods. During redirect examination plaintiff's attorney was instructed, by the trial court, not to get into anything about insurance. Plaintiff contends that this instruction was harmful error as it prevented eliciting testimony that would show that the statement was taken and written by someone who had an interest in the outcome of the case and who had asked the questions while Cliet just answered the questions that were asked of him. It is proper to permit an impeached witness to offer in explanation matter to rebut the discrediting effect of prior contradictory statements, but the testimony which plaintiff would elicit is not relevant to this purpose nor to any other issue germane to this case. There is no error in excluding irrelevant evidence, particularly in this case where the irrelevant matter apparently involved insurance coverage.

8. In a question put to plaintiff on cross examination, defendant Sellers' attorney analogized the use of the elevator with no door to holding one's hand in front of a rattlesnake. Plaintiff's counsel objected to the question as an attempt to ridicule plaintiff. We agree with the trial court's conclusion that the question was not an attempt to ridicule but was a rhetorical illustration of the principle of assumption of risk. This contention is meritless.

9. Plaintiff contends that the trial court erred in admitting a model of the elevator in question because the model was inaccurate, incorrect and not a trustworthy

standard. After the trial court had initially stated that the model would be admitted for the limited purpose of illustrating the testimony of Jack Pearce (designer and builder of both the actual elevator and the model), Mr. Pearce's testimony revealed certain differences between the model and the actual elevator. Due to these differences, use of the model was limited by the trial court to demonstration of the cam braking device. The model was not admitted into evidence, but was used as a demonstrative tool to illustrate the manner of operation of the cam braking device. The model was not used by defendants to illustrate those aspects of the elevator which had been shown to be substantially different in the model. This enumeration of error is without merit.

10. As to the remaining enumerations of error, although the questions to which plaintiff objected may have called for legal conclusions we find no harm to plaintiff in these questions or the answers thereto.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

ARGUED NOVEMBER 6, 1978 — DECIDED MARCH 8, 1979 — REHEARING DENIED MARCH 22, 1979 — ▮▮▮▮▮▮▮▮

*Perry, Walters, Lippitt & Custer, Henry C. Custer,* for appellant.

*Bruce W. Kirbo, Smith, Geer, Brimberry & Kaplan, Peter Zack Geer, Burt, Burt & Rentz, D. D. Rentz,* for appellees.