## 58627. COHRAN v. DOUGLASVILLE CONCRETE PRODUCTS, INC.

CARLEY, Judge.

Appellant, plaintiff below, was driving his car along the highway when he observed the appellee's truck protruding from a driveway into the lane of oncoming traffic. As he approached the truck, appellant began to merge into the adjoining lane so as to avoid a collision and believed that he had done so successfully. However, as appellant pulled even with the stationary — but protruding — truck and attempted to pass it, he was "surprised" when a collision between the two vehicles occurred. His car had struck a bumper and boom which extended some feet in front of the body of the truck. Appellant sustained injuries in the collision and brought suit to recover. From the judgment entered on a jury verdict in favor of appellee, appellant brings this appeal.

1. Appellant enumerates as error the trial court's charge to the jury on "accident." It is urged that such a charge was not warranted under the facts and evidence. "'There is generally no liability for an unavoidable accident, which is defined as one which under all the circumstances could not have been prevented by the exercise of reasonable care.' [Cit.] 'In its proper use the term "accident" excludes negligence; that is, an accident is an event which occurs without the fault, carelessness, or

want of proper circumspection of the person affected, or which could not have been avoided by the use of that kind and degree of care necessary to the exigency and in the circumstances in which he was placed.' [Cit.]" *Ware v. Alston,* 112 Ga. App. 627, 631 (145 SE2d 721) (1965). "The principle of law relating to the theory of accident can only apply when under some theory of the case the injury is the result of the negligence of neither of the parties, but is a mere casualty due to the negligence of no one. [Cit.]" *Harper v. Hall,* 76 Ga. App. 441, 447 (46 SE2d 201) (1948).

The evidence in the instant case would not support a finding that the collision was an "accident" as thus defined. There was no evidence that the incident may have occurred because of a mechanical failure of either of the two vehicles (*Ware v. Alston,* 112 Ga. App. 627), supra, or because of road conditions (*Jackson v. Martin,* 89 Ga. App. 344 (79 SE2d 406) (1953)). There was no evidence that the collision and resulting injuries occurred because of the actions of anyone other than the two parties. *Cobb v. Big Apple Supermarket,* 106 Ga. App. 790 (128 SE2d 536) (1962); *Boatright v. Sosebee,* 108 Ga. App. 19 (132 SE2d 155) (1963); *Delk v. Sellers,* 149 Ga. App. 439, 441 (2) (254 SE2d 446) (1979). Nor was there any evidence that the incident arose because of any "unforeseen or unexplained" cause. *Stone's Independent Oil Dist. v. Bailey,* 122 Ga. App. 294, 303 (176 SE2d 613) (1970).

The only evidence as to the occurrence was that appellant drove his car into the bumper and boom of appellee's truck, which was protruding into the road. At the time that appellant was driving his car and that the appellee's driver allowed the truck to protrude into the path of oncoming traffic, there is no question that both had sufficient capacity to exercise due care for their own safety and the safety of others. Compare *Cobb v. Big Apple Supermarket,* 106 Ga. App. 790, supra; *Hiever v. Watt,* 119 Ga. App. 5 (165 SE2d 899) (1969). Hence, both would be chargeable with any negligence occasioned by their failure to exercise such care. The evidence presents no theory of how the collision occurred other than the failure of either appellant or the appellee's driver, or both, to exercise due care. *Warren v. Ga. S. & F. R. Co.,* 77 Ga. App. 886 (50 SE2d 128) (1948); *Baggett v. Jackson,* 79 Ga. App.

460 (54 SE2d 146) (1949). There is no evidence to support the proposition that the injuries might have resulted although both appellant and the appellee's driver exercised due diligence. Compare, e.g., *Brown v. Mayor &c. of Athens,* 47 Ga. App. 820 (3) (171 SE 730) (1933).

Since there was no evidence that the collision was an "unintended occurrence which could not have been prevented by the exercise of reasonable care" (*Brewer v. Gittings,* 102 Ga. App. 367, 376 (116 SE2d 500) (1960)), and the evidence shows, rather, that the collision and resulting injuries were due to the negligence of appellant, or of the appellee's driver, or to both, it was error to charge on "accident." *Henson v. Putnam,* 123 Ga. App. 254 (1) (180 SE2d 269) (1971). "There was no evidence from which the jury could have found that the collision was an unavoidable accident. Somebody must have been at fault, and the question for the jury to determine was, who was guilty of negligence; and they should have been permitted to go directly into that question, without having their attention distracted by the consideration of the impossible theory that the [injury complained of] was the result of an accident." *Atlantic C. L. R. Co. v. Jones,* 132 Ga. 189, 196 (63 SE 834) (1909). See also *Morrow v. Southeastern Stages,* 68 Ga. App. 142 (22 SE2d 336) (1942). The evidence not supporting the charge on "accident," that the appellee plead it as a defense does not require a contrary result. Cf. *Thornton v. Hampton,* 128 Ga. App. 122, 123 (3) (195 SE2d 795) (1973).

Not only was it error to charge on "accident" in the instant case, the instruction on this principle that was given was erroneous. The jury was instructed: "[A]n accident is an event which takes place, without one's foresight or expectation, that which takes place without design. I charge you further that if you find that the occurrence which happened in this incident was the result of an accident, you should find for the defendant."

" 'Unfortunately, the word "accident" has two separate and distinct meanings. In Georgia law . . . it means, in connection with personal injury cases, an injury which occurs without being caused by the negligence of either the plaintiff or the defendant. [Cits.]' . . . 'The idea of accident excludes responsibility because of negligence.'

However, to the average layman, 'accident' means only what the definition given it in Code § 102-103 states: 'Accident is an event that takes place without one's foresight or expectation; that which takes place or begins to exist without design,' in other words an unintentional act as opposed to something done in order to achieve a particular consequence. Therefore, to charge a jury of laymen that, if the collision was the result of an accident, the plaintiff cannot recover is frequently taken to mean that if the act was not intentional the plaintiff cannot recover, unless the meaning of the word 'accident' is clearly explained in the same context..." *Bush v. Skelton,* 91 Ga. App. 83, 84-85 (84 SE2d 835) (1954).

The error in *Bush* was the failure to define "accident" as that word has application in personal injury cases — an injury which occurs without being caused by the negligence of either the plaintiff or the defendant. It was held that this failure "might well" have led the jury to apply the layman's definition of "accident" contained in Code Ann. § 102-103 — an unintentional act — and conclude that if the occurrence was unintentional the plaintiff could not recover. In the instant case, the trial judge did not fail to define "accident"; he instructed the jury on "accident" in the very language of Code Ann. § 102-103. Thus, the error that "might well" have occurred in *Bush* did occur, without doubt, in the instant case. Here the jury was not merely left to the conclusion that if they found the collision was the result of an "unintentional act" appellant could not recover. They were specifically instructed that if they found the collision took place without foresight, expectation or design, appellant could not recover. This was clearly erroneous and harmful and requires the grant of a new trial. A charge on the defense of accident in a personal injury case in the language of Code Ann. § 102-103 is error. The approved charge on "accident" in such cases is found in *Caldwell v. Knight,* 94 Ga. App. 827, 828 (2) (96 SE2d 331) (1956); *Brewer v. Gittings,* 102 Ga. App. 367, 375 (6), supra.

2. Appellant argues that the charge on Code Ann. § 68A-801 was not warranted by the evidence. That section, in essence, requires drivers to drive at a speed which is "reasonable and prudent under the conditions and having

regard for the actual and potential hazards then existing." Appellant testified that he was aware of the fact that the truck was protruding into his lane of traffic "in time to realize what was happening." He further testified that he began to merge left so as to avoid striking the truck and that he did so at "about forty miles an hour." The investigating officer estimated appellant's speed at forty-five miles per hour. This evidence as to appellant's speed in approaching the obstructing truck authorized a charge on Code Ann. § 68A-801. *Dozier v. Brackett,* 148 Ga. App. 110, 111 (2) (251 SE2d 101) (1978). The fact that either rate of speed — forty or forty-five miles per hour — would be within the posted speed limit at the scene of the collision does not affect the propriety of the charge. Cf. *Currey v. Claxton,* 123 Ga. App. 681 (1), (1a) (182 SE2d 136) (1971). There was no error.

3. Appellant enumerates the failure to give certain requested charges on the doctrine of "sudden emergency." Resolution of this issue requires an analysis of the factors which must appear in order to make the doctrine applicable and whether those factors were present in the instant case.

"The purposes of judicial instructions on the law relating to sudden peril are generally (a) to excuse an act of the plaintiff which would otherwise be negligence on the plaintiff's part diminishing or precluding recovery, or (b) to excuse an act of the defendant which would otherwise constitute negligence as to the plaintiff." *Stripling v. Calhoun,* 98 Ga. App. 354, 356 (105 SE2d 923) (1958). Appellant here seeks to invoke the doctrine so as to excuse his act of striking the appellee's stationary truck, an act of possible contributory negligence which might diminish or preclude his recovery against the appellee for allowing the truck to protrude into the roadway. "[The doctrine of 'sudden emergency'] refers only to those acts which occur immediately following the realization of the peril and before there is opportunity for mature reflection. It results from a combination of circumstances calling for immediate action, without time for consideration; it operates to deprive one of the exercise of his logical powers of choice. The result of the rule is to take these factors into account so as to relieve one of an imputation of negligence

that would otherwise attach if it appears that, although he might not when confronted with a choice of action under these exigent circumstances have pursued the wiser course, he nevertheless did that which a man in the exercise of due care might be expected to do in such circumstances; in other words, his conduct is judged not as hindsight might indicate but as things appeared to him in the moment of peril. 'In the absence of such factors [requiring] quick judgment and consequent action by one so confronted (through no fault of his own) there can be no conduct to which to apply the qualified standard, and the doctrine is thus inapplicable' [Cit.]" *Davis v. Calhoun,* 128 Ga. App. 104, 105-106 (195 SE2d 759) (1973).

Applying the above factors to the evidence in the instant case, it is readily seen that the doctrine of "sudden emergency" was not involved and that refusing to charge thereon was not error. Appellant observed the "peril" — the protruding truck — "in time to realize what was happening." There was thus no call for "immediate action" to avoid an "imminent danger." Compare, e.g., *Cone v. Davis,* 66 Ga. App. 229 (17 SE2d 849) (1941); *Doyle v. Dyer,* 77 Ga. App. 266 (48 SE2d 488) (1948); *Baggett v. Jackson,* 79 Ga. App. 460, supra; *Brock v. Avery Co.,* 99 Ga. App. 881, 884 (2) (110 SE2d 122) (1959). After observing the truck, appellant had an opportunity for "mature reflection" on how to react to the presence of the truck and exercised his "logical powers of choice" so as to merge left and avoid the obstruction; he was thus not "without sufficient time to determine with certainty the best course to pursue." *Brown v. Savannah Elec. & Power Co.,* 46 Ga. App. 393 (167 SE 773) (1932); *Savannah Electric & Power Co. v. Russo,* 71 Ga. App. 397, 401 (31 SE2d 87) (1944); *Stapleton v. Amerson,* 96 Ga. App. 471, 473 (4a) (100 SE2d 628) (1957). Not only did appellant observe the obstruction, have sufficient time to take precautionary and evasive action and react accordingly, he was also, at all times prior to the collision, in the belief that his decision and actions would be successful and that he would have no difficulty in "clearing the truck"; when the collision occurred, he was "surprised." Compare *Pollard v. Balon,* 61 Ga. App. 406, 411 (2) (6 SE2d 400) (1939). Under the evidence there was no "sudden emergency" — "no

sudden peril caused by circumstances in which [appellant] did not participate and which offered him a choice of conduct without time for thought so that negligence in his choice might be attributable not to lack of time to assess the situation." *Davis v. Calhoun,* 128 Ga. App. 104, 106, supra. Accordingly, appellant was not entitled to requested charges which would have permitted the jury to find that his act in striking the appellee's truck was not negligent because it was the result of actions taken by him in a sudden emergency.

The real thrust of appellant's evidence and argument was not that he made an emergency choice after observing the appellee's truck, but rather that he was not negligent in any particular, the collision resulting from the negligence of the appellee's driver in allowing the truck, with an extended bumper and boom — which appellant did not see and which he struck — to protrude into traffic without some type of warning. *Davis v. Calhoun,* 128 Ga. App. 104, 107, supra. The appellee contends that the collision occurred because of appellant's negligent failure to successfully negotiate past the stationary truck after having sufficient opportunity to do so. This raises the issue of whose negligence, if any, was the proximate cause or a contributing cause of the collision; the issue of appellant's negligence or non-negligence in striking the truck by reason of "sudden emergency" is not raised thereby. Cf. *Gaines v. McCarty,* 109 Ga. App. 593, 595 (137 SE2d 70) (1964).

4. Appellant urges that the charge as a whole was "repetitive and argumentative" and "unduly stressed the [appellee's] contentions." We have reviewed the charge thoroughly and with great care and deliberation. We find that the charge is indeed open to the criticism made of it. See generally *Wilson v. Harrell,* 87 Ga. App. 793, 806 (13) (75 SE2d 436) (1953). However, since we are reversing the case on other grounds, we deem it unnecessary to discuss specifics. Upon a new trial, the court will no doubt remedy any deficiency in objectiveness that the instant charge lacks. *Macon R. & Light Co. v. Vining,* 123 Ga. 770, 772 (3) (51 SE 719) (1905).

*Judgment reversed. Deen, C. J., and Shulman, J., concur.*

ARGUED OCTOBER 2, 1979 — DECIDED JANUARY 9, 1980 —

G. Michael Hartley, William L. Martin, III, for appellant.

Palmer Ansley, Meade Burns, James S. Strawinski, for appellee.