62963. FEDERAL INSURANCE COMPANY v. PASCOE STEEL CORPORATION.

CARLEY, Judge.

A passenger bus insured by appellant-plaintiff, Federal Insurance Company, sustained substantial damage when it was struck from behind by a truck operated by an employee of appellee-defendant Pascoe Steel Corporation. Appellant, as the subrogated party in interest, brought the instant action seeking to recover property damage resulting from the collision and alleging negligence on the part of appellee under the doctrine of respondeat superior. The jury returned a verdict in favor of appellee and judgment was entered thereon. Appellant's motion for new trial was denied and it appeals.

1. Appellant enumerates as error the trial court's charge to the jury on the doctrine of "sudden emergency." It is urged that such charge was not warranted under the evidence and that such charge was harmful to appellant as it provided appellee with a defense to which it was not entitled.

The collision giving rise to this action occurred on the southbound portion of Interstate 75 between the Windy Hill Road Exit and Interstate 285 in Cobb County, Georgia. At the point of this collision, Interstate 75 consists of two lanes for through traffic and, to the right of these two lanes, an acceleration lane which is merely a continuation of the entrance ramp to the expressway from Windy Hill Road. The evidence is uncontroverted that the bus insured by

appellant turned on to the entrance ramp from Windy Hill Road and then proceeded down to the acceleration lane and from this lane moved into the right or outside traffic lane on southbound Interstate 75 at which point the bus was rear-ended by appellee's truck. There was evidence presented at trial which would authorize the jury to find the following: At the time the bus moved from the acceleration lane into the traffic lane of Interstate 75, it was traveling at a speed of 5 to 12 miles per hour and failed to attain any greater speed prior to the collision. The collision occurred within 5 to 10 seconds after the bus entered the traffic lane. Based upon the length of the skid marks left by appellee's truck, only a "couple of seconds" elapsed between the time that the brakes on the truck were applied and the moment of impact with the bus. The driver of appellee's truck was not exceeding the speed limit.

"The purpose of judicial instructions on the law relating to sudden peril are generally (a) to excuse an act of the plaintiff which would otherwise be negligence on the plaintiff's part diminishing or precluding recovery, or (b) to excuse an act of the defendant which would otherwise constitute negligence as to the plaintiff." *Stripling v. Calhoun,* 98 Ga. App. 354, 356 (105 SE2d 923) (1958). Appellee-defendant in the instant case sought to invoke the doctrine so as to excuse the act of its employee in colliding with the rear of the bus, an act which the appellant-plaintiff contends constituted negligence. " '(The doctrine of "sudden emergency") refers only to those acts which occur immediately following the realization of the peril and before there is opportunity for mature reflection. It results from a combination of circumstances calling for immediate action, without time for consideration; it operates to deprive one of the exercise of his logical powers of choice. The result of the rule is to take these factors into account so as to relieve one of an imputation of negligence that would otherwise attach if it appears that, although he might not when confronted with a choice of action under these exigent circumstances have pursued the wiser course, he nevertheless did that which a man in the exercise of due care might be expected to do in such circumstances; in other words, his conduct is judged not as hindsight might indicate but as things appeared to him in the moment of peril. "In the absence of such factors (requiring) quick judgment and consequent action by one so confronted (through no fault of his own) there can be no conduct to which to apply the qualified standard, and the doctrine is thus inapplicable." [Cit.]' [Cit.]" *Cohran v. Douglasville Concrete Products,* 153 Ga. App. 8, 12-13 (264 SE2d 507) (1980).

Appellee's contentions were that the driver of its truck was confronted with a sudden emergency when the bus, at an unsafe

speed and unsafe distance, moved from the acceleration lane into the traffic lane. It is apparent that appellee's employee apprehended the danger or peril and attempted to avoid the collision by engaging the brakes of the truck. Compare *Johnston v. Woody,* 148 Ga. App. 152 (1) (250 SE2d 873) (1978); *Cohran v. Douglasville Concrete Products,* supra; *Davis v. Calhoun,* 128 Ga. App. 104 (1) (195 SE2d 759) (1973). "[W]hether an emergency existed or not, that issue, like all questions of diligence, negligence, contributory negligence and proximate cause except in plain and indisputable cases, was a question for determination by the jury. [Cits.]" *Ware v. Alston,* 112 Ga. App. 627, 630 (145 SE2d 721) (1965). Accord, *Gordon v. Gordon,* 133 Ga. App. 520, 523-524 (211 SE2d 374) (1974); *Hieber v. Watt,* 119 Ga. App. 5, 10 (3) (165 SE2d 899) (1969). Under the evidence presented at trial, we conclude that this issue was properly submitted to the jury. *Jenkins v. Lampkin,* 145 Ga. App. 746 (3) (244 SE2d 895) (1978); *Christiansen v. Robertson,* 140 Ga. App. 725 (231 SE2d 828) (1976); *Ware v. Alston,* supra. Accordingly, this enumeration of error is without merit.

2. The trial court properly excluded the bus driver's opinion testimony as to what action, if any, the driver of appellee's truck could have taken to prevent the collision because the witness failed to narrate the facts and circumstances upon which his opinion was based. Cf. *Finley v. Franklin Aluminum,* 132 Ga. App. 70 (3) (207 SE2d 543) (1974); *Dual S. Enterprises v. Webb,* 138 Ga. App. 810 (3) (227 SE2d 418) (1976); *Carpet Shop, Inc. v. Powell,* 119 Ga. App. 499, 502 (2) (167 SE2d 718) (1969); *Lankford v. Milhollin,* 200 Ga. 512 (3) (37 SE2d 197) (1946).

3. Appellant asserts that the trial court erred in denying its motion for a directed verdict on the issue of liability. "In cases involving rear-end collisions, the liability, degree of liability, or lack of liability on the part of any involved driver depends upon a factual resolution of the issues of diligence, negligence, and proximate cause. These issues should be resolved, excepting very rare cases, by the jury and not by trial and appellate judges. [Cit.]" *Palmore v. Stapleton,* 157 Ga. App. 691, 692-693 (278 SE2d 476) (1981). See also *Finley v. Griswold,* 149 Ga. App. 612 (1) (255 SE2d 87) (1979). "We find the evidence in the record to be particularly inconclusive as to the question of causation, and we cannot say appellant established a clear and indisputable case of liability." *Pace v. Foster,* 150 Ga. App. 895, 896 (4) (259 SE2d 100) (1979). Compare *Nail v. Green,* 147 Ga. App. 660 (249 SE2d 666) (1978). Therefore the trial court did not err in denying appellant's motion for a directed verdict.

4. Appellant's contention that the trial court erred in denying its motion for new trial predicated on the general grounds is also

without merit. Contrary to appellant's assertion, we find sufficient evidence to support the verdict of the jury. *Dozier v. Brackett,* 148 Ga. App. 110 (1) (251 SE2d 101) (1978).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED FEBRUARY 8, 1982.

*Richard B. Eason, Jr., Ron Parnell,* for appellant.
*Stephen L. Goldner,* for appellee.

