## 66953. JOHNSTON v. PONCE DE LEON.

McMurray, Presiding Judge.

Plaintiff, while driving her automobile in a northerly direction in the right hand lane of Lenox Road, collided with the defendant who was driving her automobile in a southerly direction on Lenox Road. As the plaintiff's vehicle approached the defendant's, the defendant attempted to make a left hand turn into an apartment complex located on Lenox Road and before defendant completed her turn into the apartment complex, the two vehicles collided. The evidence shows that the right front fender of the plaintiff's automobile hit the back door (located on the passenger side) of the

defendant's automobile. Plaintiff seeks damages for personal injuries allegedly sustained as a result of this collision. From the judgment entered on a jury verdict in favor of defendant, plaintiff appeals. *Held:*

Plaintiff enumerates as error the trial court's charge to the jury on "accident." Plaintiff contends that such a charge was not warranted under the facts and evidence. We agree. There is merit to this contention.

" ' "There is generally no liability for an unavoidable accident, which is defined as one which under all the circumstances could not have been prevented by the exercise of reasonable care." (Cit.) "In its proper use the term 'accident' excludes negligence; that is, an accident is an event which occurs without the fault, carelessness, or want of proper circumspection of the person affected, or which could not have been avoided by the use of that kind and degree of care necessary to the exigency and in the circumstances in which he was placed." (Cit.)' " *Cohran v. Douglasville Concrete Prods.,* 153 Ga. App. 8 (1), 9 (264 SE2d 507). See also *Ware v. Alston,* 112 Ga. App. 627, 631-632 (2) (145 SE2d 721). " 'The principle of law relating to the theory of accident can only apply when under some theory of the case the injury is the result of the negligence of neither of the parties, but is a mere casualty due to the negligence of no one. (Cit.)' " *Cohran v. Douglasville Concrete Prods.,* 153 Ga. App. 8 (1), 9, supra. See also *Harper v. Hall,* 76 Ga. App. 441, 447 (4) (46 SE2d 201).

Here, the evidence would not support a finding that the collision was an "accident" as thus defined. There was no evidence that the incident may have occurred because of a sudden emergency such as mechanical failure of either of the two vehicles (*Ware v. Alston,* 112 Ga. App. 627, 632 (2), supra), or because of road conditions (*Jackson v. Martin,* 89 Ga. App. 344, 345 (1) (79 SE2d 406)). There was no evidence that the collision and resulting injuries occurred because of the actions of anyone other than the two parties. *Cohran v. Douglasville Concrete Prods.,* supra, at p. 9. See also *Boatright v. Sosebee,* 108 Ga. App. 19, 21 (132 SE2d 155); *Delk v. Sellers,* 149 Ga. App. 439, 441 (2) (254 SE2d 446). Nor was there any evidence that the incident arose because of any "unforeseen or unexplained" cause. *Stone's Independent Oil Distributors v. Bailey,* 122 Ga. App. 294, 303 (6) (176 SE2d 613). In other words, the evidence presents no theory of how the collision occurred other than the failure of either plaintiff or defendant, or both, to exercise due care. *Cohran v. Douglasville Concrete Prods.,* supra, at p. 9.

After reviewing the other enumerations of error we find that they are either without merit or not likely to occur on retrial. Therefore, we do not address them at this time.

*Judgment reversed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 23, 1983 —
REHEARING DENIED DECEMBER 13, 1983 —

*Nick Long, Jr.,* for appellant.
*William S. Goodman, Benjamin H. Terry,* for appellee.